P. J. WILLIS & BRO. v. W. F. SOMMERVILLE ET AL.

No. 191.

**1. Abstract of Judgment held Sufficient.** — Where an abstract of a judgment states the date of the judgment, the amount, principal and costs, for which it was rendered, the rate of interest, and that there are no credits, it sufficiently shows the amount due on the judgment at the date of the abstract, since it requires but a calculation of interest to ascertain the exact amount then due.

**2. Vendor's Lien Interest in Land not Subject to Execution.** — The interest of a vendor in land sold by him, where a portion of the purchase money is paid and a lien is expressly retained in the deed for the balance, is not such an interest as can be sold under execution until there has been a rescission of the sale.

3. Same — Deed Reserving Lien as an "Executory Contract."—
If a deed reserving on its face a vendor's lien can be regarded as an executory
contract, it can only be so considered in the sense that the grantee's title does
not become indefeasible until the purchase money is paid.

APPEAL from Archer.    Tried below before Hon. GEORGE E. MILLER.

*R. C. Walker*, for appellants.— 1.  An abstract of judgment is suffi-
cient, whatever may be its form, if on its face it shows all the essential
facts necessary to ascertain the amount still due on the judgment; and if
there are no credits on the judgment, it is immaterial if the clerk who
makes the abstract fails to figure up and insert the correct amount due at
the date of making the abstract.    Gin Co. v. Oliver, 78 Texas, 182; Rev.
Stats, art. 3155.

2.  Where a vendor has sold land and retained a vendor's lien for part
of the purchase money, the lien being reserved in the face of the deed,
the sale is an executory contract, and the superior title remains in the
vendor until all of the purchase money is paid.    Dunlap v. Wright, 11
Texas, 597; Baker v. Ramey, 27 Texas, 53; Caldwell v. Fraim, 32 Texas,
326; Roosevelt v. Davis, 49 Texas, 463; Peters v. Clements, 46 Texas,
115; Masterson v. Cohen, 46 Texas, 523; Webster v. Mann, 52 Texas,
416.

3.  The Texas court in numerous cases has settled the doctrine, that
where a person sells land and retains a lien in his deed for the purchase
money, the superior title remains in the vendor until all the purchase
money has been paid.    If the superior title remained in Corwin until the
purchase money was paid, then that title was such title as was subject to
execution; and if it was such title as would pass at execution sale, it was
title to which a judgment lien would attach.    Catlin v. Bennatt, 47
Texas, 165; Webster v. Mann, 52 Texas, 416; 3 Pome. Eq., sec. 1254,
and notes; Freem. on Judg., secs. 356, 363, 364; Black on Judg., sec.
438; Neal v. Murphy, 60 Ga., 388; Hardee v. McMichael, 68 Ga., 678;
Bell v. McDuffie, 71 Ga., 264; Riley v. Million, 4 J. J. Marsh., 395;
Hammond v. Johnston, 93 Mo., 198.

*Bomar & Bomar*, for appellees.— 1.  The abstract of judgment put in
evidence by appellant fails to show the correct amount due upon the
judgment at its date of issuance.    Nye v. Moody, 70 Texas, 434; Le
Gierse v. Getzendaner, 5 Texas Law Rep., 423.

2.  The interest in a vendor in land sold by him, where a portion of
the purchase money is paid and a lien retained for the balance, is not
such an interest as can be sold under execution until there has been a re-
scission of the sale; and a vendor who retains a vendor's lien for purchase
money for sale of land can not rescind a sale without tendering to the

vendee the amount of purchase money paid by him.  Moore v. Giesecke, 76 Texas, 543; Phillips v. Herndon, 78 Texas, 378; Huffman v. Mulkey, 78 Texas, 557; King v. Young Men's Christian Assn., 1 Woods, 387; Freem. on Ex., sec. 184; Drake on Attâch., sec. 285; Morris v. Barker, 2 So. Rep., 335; Brown v. Bates, 55 Me., 520; Cooper v. Singleton, 19 Texas, 267; Russell v. Kirkbride, 62 Texas, 457; Tom v. Wollhoefer, 61 Texas, 280.

TARLTON, CHIEF JUSTICE.—This is an action of trespass to try title, brought in the District Court of Archer County by the appellants, P. J. Willis & Bro., a private corporation, as plaintiff, to recover two tracts of land from the appellees, W. F. Sommerville, G. P. Meade, and J. Grant Jones, as defendants.  A nonsuit having been taken as to W. F. Sommerville, a trial by the court without a jury resulted in a judgment for the remaining defendants, from which the plaintiff appeals.

Dennis Corwin, who acquired the lands involved in this suit prior to the year 1882, is the common source of title.  October 16, 1882, and March 1, 1883, respectively, Corwin, in two separate deeds, conveyed these tracts to J. H. Stone and W. W. Dickey.  In each instance the consideration was partly paid in cash and the remainder was represented by a vendor's lien note.  To secure this note the vendor's lien was expressly retained in the face of the deed.

The defendants G. P. Meade and J. Grant Jones had prior to this suit acquired by mesne conveyances the title of Stone and Dickey to the lands, their deeds being duly recorded.

September 8, 1886, Chase, Sommerville, and Jones, under whom the defendants Meade and Jones claimed title, paid to Dennis Corwin the vendor's lien notes above referred to, and obtained from him a release of the vendor's lien.

December 8, 1884, P. J. Willis & Bro., a firm composed of R. S. Willis, Wm. H. Willis, P. J. Willis, and J. G. Goldthwaite, recovered a judgment in the District Court of Galveston County, Texas, against Dennis Corwin for the sum of $1226.55 and interest at the rate of 10 per cent per annum, and $12.20 costs.

September 2, 1890, the lands were sold under an alias execution on the judgment against Dennis Corwin by the sheriff of Archer County, and the plaintiff became the purchaser, under a deed properly executed by the sheriff.  The judgment, execution, levy, and sale were regular.

April 8, 1886, an abstract of the judgment in favor of P. J. Willis & Bro. against Dennis Corwin was filed and recorded in the judgment record of Archer County.  This abstract, with certificate of the clerk attached. was as follows:

| Docket No. of suit. | Date of Filing for Record. | | | | Plaintiffs' Names. | Defendants' Names. |
|---|---|---|---|---|---|---|
| | Year. | Month | Day. | Hour. | P. J. Willis & Bro., a firm composed of R. S. Willis, Wm. H. Willis, Peter J. Willis, and J. G. Goldthwaite. | Dennis Corwin. |
| 12,139. | 1887 | April | 8 | 9 a. m. | | |

*The State of Texas, Galveston County.*—In the District Court, December Term, 1884.

| Date of Judgment. | | | In what Court Rendered. | Amount of Judgment. | Amount of Costs. | Rate of Interest. | Amount of Credit since Judgment. | Am'nt due at the date of record. |
|---|---|---|---|---|---|---|---|---|
| Month. | Day. | Year. | | | | | | |
| Dec. | 8th. | 1884. | District Court Galveston County. | $1226 55 | $12 20 | Ten | None. | $1226 55 12 20 $1238 75 |

I hereby certify, that the above and foregoing is a correct abstract of a judgment rendered in the District Court of Galveston County, Texas, at its December Term, 1884, in the case of P. J. Willis & Bro. v. Dennis Corwin, and that $1226.55 and interest, and costs, $12.20, are still due and unpaid.

Witness my hand and seal of said court, at my office, in the city of Galveston, this 19th day of March, 1885.

[L. S.]                                                    ALEX. EASTON,
                Clerk District Court, Galveston County, Texas.

*Conclusions of Law.*—The trial court erroneously held that the foregoing abstract of judgment failed to state the correct amount due on the judgment at the date of the making of the abstract, and was therefore insufficient to create a valid lien. The abstract shows the amount of the principal due at the date thereof, together with the rate of interest which the judgment bears, and the amount of costs due thereon, and in effect states that they are still due and unpaid. It required but a calculation of the interest at the rate stated to ascertain the exact amount in dollars and cents due upon the judgment at the date of the abstract. The law, we think, was substantially complied with. Bank v. Cloud, 2 Texas Civ. App., 627.

Appellees, however, contend that P. J. Willis & Bro. could acquire no title under the execution sale above referred to, because the interest of Corwin was not subject to execution at the date of the levy or of the fixing of the judgment lien. If this contention be correct, the error pointed out becomes immaterial. In this connection appellees submit the following proposition: "The interest of a vendor in land sold by him,

where a portion of the purchase money is paid and a lien is expressly retained for the balance, is not such an interest as can be sold under execution until there has been a rescission of the sale." This proposition we approve as sound. Appellant's attorney, however, contesting it, founds his contention upon the position that the deed of a vendor retaining the vendor's lien to secure the purchase money is but an executory contract, and that the superior title remaining in the vendor is subject to execution.

We question the accuracy of the expression "executory contract" in connection with a deed of this character. In any event, if such a deed may be said to be an "executory contract," it is only so in a qualified sense. The distinction to be made between an executory contract pure and simple, such as a bond for title or an agreement to convey land, and a deed of the character here involved, conveying to the grantee with an express reservation of the lien, is aptly defined and illustrated in the opinion by Justice Gaines, of our Supreme Court, in Stitzle v. Evans, 74 Texas, 596. It is there held, that if such a conveyance be executory, it "can only be so considered in the sense that the grantee's title does not become indefeasible until the purchase money is paid."

We deduce from the authorities, that the title of a vendor conveying by deed expressly retaining a lien to secure the unpaid purchase money is logically the same as that of a vendor who executes a deed without reservation in its terms, and who at the same time takes from the grantee a mortgage for the unpaid purchase money. In both cases the legal or superior title remains with the vendor until the debt is discharged; but in neither case is the transaction purely executory. Stitzle v. Evans, supra; 3 Pome. Eq. Jur., sec. 1255.

Such being the case, in answering the question, whether the title of such vendor is subject to execution and sale, we have but to answer the question, whether the title of such a mortgagee is so subject. The latter question is by the authorities uniformly answered in the negative; and thus our task is made easy. "Until foreclosure, or at least until possession is taken, the mortgage remains in the light of a chose in action." The title of the mortgagee is exempt from execution wherever "the true relation is that of mortgagor and mortgagee, though their apparent relation is that of grantor and grantee." Freem. on Ex., sec. 184.

As, therefore, the interest of Dennis Corwin was not subject to the lien of appellant's judgment, or to execution thereunder, we conclude that the appellees properly prevailed in the lower court.

The judgment is affirmed.

*Affirmed.*

Delivered June 12, 1893.