## HAYNIE MERCANTILE COMPANY v. C. G. MILLER.

### Decided December 2, 1905.

#### 1.—School Land—Purchaser—Inchoate Title—Interest Subject to Execution.

A purchaser and actual settler upon school land probably has such an interest therein as is subject to execution for his debts even before he has completed the three years' occupancy.

#### 2.—Contract to Sell Land—Attachment—Priorities.

A contract in writing to sell land upon stipulated terms is in the nature of a bond for title, and the vendee in such contract has a right to the land superior to a subsequent attaching creditor of the vendor.

Appeal from the District Court of Potter County. Tried below before Hon. B. M. Baker.

*Veale, Crudgington & Bailey* and *Theodore Mack,* for appellant.— The title of a purchaser of public school lands from the State, under a legal sale and award thereof, is such interest in said lands as subject them to attachment while the obligation of such purchaser to the State is in good standing. Johnson v. Towndsend, 77 Texas, 639; Logue v. Akeson, 80 S. W. Rep., 137; Gunnels v. Cartledge, 64 S. W. Rep., 109; Bennett v. Wilson, 68 Am. St., 61, 122 Cal., 509.

*Wallace & Lumpkin,* for appellee.—The original purchaser of public school land from the State, before he has resided upon the same for a period of three years and made the necessary three years' proof of occupancy, has not the power to pass title to such property or interest by his own acts, except to one who is not disqualified from purchasing the land from the State and to an actual settler upon the same, and he has only an uncertain, undeveloped, indefinite and conditional equity in the land which is not subject to sale under execution. Sayles' Rev. Civ.

Stats., art. 4218 ff; Hendricks v. Snediker, 30 Texas, 308; Moser v. Tucker, 87 Texas, 94; Edwards v. Norton, 55 Texas, 405; Roberson v. Sterrett, 96 Texas, 180; Chase v. York, 89 Texas, 321; Boone v. First Nat. Bank, 43 S. W. Rep., 594; Sayles' Civ. Prac., vol. 2, sec. 1247.

An attachment issued and levied upon public school land, where the original purchaser from the State has not and does not reside upon the said land for a period of three years, does not create any lien upon the land, and any lien attempted to be so created would be void as against public policy. Atkinson v. Bell, 18 Texas, 474; Homes v. Johns, 56 Texas, 49; Buskhanan v. Park, 36 S. W. Rep., 808; Lamb v. James, 87 Texas, 486; Rayner Cattle Co. v. Bedford, 91 Texas, 642; Martin v. Bryson, 6 Texas Ct. Rep., 458; Sage v. Cartwright, 9 N. Y., 49.

STEPHENS, Associate Justice.—Four sections of school land in Moore County were awarded to S. B. Harwell as an actual settler on one of them on applications dated March 9, 1901. He resided on the home section, and met all his obligations as purchaser, until the 25th day of November, 1903, when he executed a deed conveying said land to the appellee, C. G. Miller, who had become an actual settler thereon, which deed, together with the applications and obligations of Miller, as substitute for Harwell, was filed in the General Land Office December 2, 1903. This conveyance was made in pursuance of a written contract between S. B. Harwell and J. M. Miller, the father of C. G. Miller, dated September 5, 1903, and recorded in Moore County September 11, 1903, by the terms of which Harwell, in consideration of thirty-five hundred dollars, deposited in the Amarillo National Bank subject to the conditions of the contract, obligated himself to sell the lands to J. M. Miller, or to such person as he might designate, "after the three years' proof of occupancy had been made." However, in making the transfer to C. G. Miller, Harwell "agreed to remit and release the sum of $500 of the original purchase money mentioned in said contract," if C. G. Miller, who was the purchaser designated by J. M. Miller, would complete the three years' occupancy, and release Harwell from further residing on the land and making proof of three years of occupancy. This C. G. Miller did, and, adding his proof of occupancy to that of Harwell, which extended "up to the 25th day of November, 1903," on March 21, 1904, obtained certificate from Commissioner of General Land Office showing final proof of occupancy.

November 11, 1903, W. R. Haney brought suit against S. B. Harwell in District Court of Hartley County, Texas, for the sum of $1,979.-25, which Harwell owed him, and on November 25, 1903, caused the lands in controversy to be attached and the return of the levy to be duly recorded. In the following year, after the proof of three years' occupancy had been made and accepted, Haney obtained a judgment foreclosing his attachment lien, and appellant, a private corporation and assignee in the judgment, became the purchaser at foreclosure sale, and brought this suit to recover the lands, which resulted in a judgment, on an agreed statement of facts, against it.

Prior to the levy of the attachment C. G. Miller, who had already become an actual settler, made his applications to the Land Commissioner to purchase the lands, and Harwell executed a deed conveying

same to him, but owing to a defect in said deed, the nature of which is not disclosed by the record, the purchase money in the bank was not paid to Harwell till November 30, 1903.

*Conclusions of law.*—On the question, so much discussed in the briefs and arguments, whether school lands sold to an actual settler are subject to execution against him before he has completed the three years' occupancy, we are inclined to agree with appellant in the contention that every purchaser of school lands has a vendable interest therein from the date of his purchase, and that such lands are subject to execution for his debts at any time thereafter, but do not find it necessary to decide that question in this case, since we have concluded that appellant failed to show, by the agreed statement of facts, that the right of the attaching creditor, under whom it claimed, was superior to the right of C. G. Miller, as vendee under the contract with J. M. Miller. No attack was made on this contract, which was prior to the levy, and which gave J. M. Miller the right to have the land conveyed to C. G. Miller. The obligation of Harwell was, in effect, a bond for title, which is itself treated as a species of conveyance in Texas, and, while the money had not been paid over by the bank when the levy was made, it had passed out of the control of Miller, and Harwell had made a deed to C. G. Miller and admitted him into the possession of the land. It matters not that this deed may have been defective, and that for a valuable consideration Harwell was relieved of part of his obligation. The obligation to convey the land still rested on him if the deed already made did not have that effect. (See Willis v. Sommerville, 22 S. W. Rep., 781; Downs v. Porter, 54 Texas, 61; Taber v. State, 85 S. W. Rep., 835. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.