## Todd & Hurley v. J. G. Garner et al.

Decided December 8, 1910.

**1.—Fraud—Conveyance—Vendor's Lien.**

Land having been conveyed by the owner to a father, his son acquiring in the transaction part of the notes given by the father for the purchase money (in consideration partly of cash and partly of the cancellation of a note due to him by the vendor) the evidence is considered and held to support, if not to require, a finding that the transaction was a bona fide sale to the father, and not a fraudulent device for acquiring the land by the son without subjecting it to execution against him.

**2.—Execution—Holder of Vendor's Lien—Trust.**

The ownership by an assignee of notes secured by a vendor's lien is not such an interest in land by him as can be sold under execution. Transaction considered and held to show a mere acquiring of such notes by the assignee, and not of an interest as beneficiary of a trust in the title to the land held by the purchaser, the maker of the notes.

**3.—Same—Liability in Equity.**

An equitable interest in land, not liable to execution, but which might, by a court of equity, be subjected to the payment of the judgment debt of the holder, can not be so subjected under pleadings which assert only a right to sell it under execution.

Appeal from the District Court of Camp County. Tried below before Hon. R. W. Simpson.

*John W. Hooper* and *Chas. S. Todd,* for appellants.—The pleadings and evidence show conclusively that T. G. Garner furnished the money with which to purchase the land from T. F. Potts. The deed having been taken in the name of J. G. Garner, he became the trustee and held the land in trust for T. G. Garner. T. G. Garner having paid the purchase price he acquired *pro tanto* an interest in the land to the extent of the purchase price paid by him. The interest of T. G. Garner,

whether as *cestui que trust* or otherwise was and is subject to sale under execution. Burns v. Ross, 71 Texas, 516; Baylor v. Hopf, 81 Texas, 642; Pierce v. Dyess, 45 Texas Civ. App., 406; Smith v. Brown, 66 Texas, 545; Burnett v. Vincent; 69 Texas, 687; Mooring v. McBride, 62 Texas, 312; Sheppard v. White, 11 Texas, 357; Moser & Son v. Tucker, 86 Texas, 96; Matula v. Lane, 56 S. W., 113.

Even if the interest of T. G. Garner was not subject to execution sale, it was nevertheless such equitable interest as might and should by a court of equity be subjected to the payment of the judgment debt of appellants. Taylor v. Gilliean, 23 Texas, 516; G., H. & S. A. Ry. Co. v. McDonald, 53 Texas, 517; Moser & Son v. Tucker & Co., 87 Texas, 94; Chase v. Bank, 89 Texas, 323; Jones v. Drug Co., 25 Texas Civ. App., 234; Matula v. Lane, 56 S. W., 113; McIlvaine v. Smith, 42 Mo., 45; Lackland v. Smith, 5 Mo. App., 153; Dodd v. Levy, 10 Mo. App., 123; Pickens v. Doris, 20 Mo. App., 1; Petit v. Johnson, 15 Ark., 555; Foote v. Calvin, 3 Johns., 216; Bayard v. Hoffman, 4 Johns. Ch., 450; McDermott v. Strong, 4 Johns. Ch., 687; Hadden v. Spader, 20 Johns. Ch., 450; 1 Story Eq., 368; 3 Pom. Eq. Jur., sec. 1415; Freem. Ex., sec. 425; Beach. Eq. Jur., sec. 883.

*M. M. Smith,* for appellee.

WILLSON, CHIEF JUSTICE.—This appeal is from a judgment in favor of appellee J. G. Garner perpetuating an injunction restraining appellants and the sheriff of Camp County from selling as the property of T. G. Garner a certain tract of land situated in said Camp County, levied on by virtue of an execution issued on a judgment rendered January 18, 1909, in favor of appellants against said T. G. Garner.

J. G. Garner and T. G. Garner were father and son, and resided in Camp County. In October, 1907, the latter loaned $1250 to one Potts, who undertook to secure the repayment of the loan by a deed of trust on the land referred to, then owned by him. The land seems to have been Potts' homestead at the time he executed the trust deed, which for that reason was invalid. Being unable to secure the loan by such a deed, Potts proposed to convey the land absolutely to T. G. Garner for the sum of $2100. The proposition was declined by T. G. Garner, but was accepted by J. G. Garner, to whom it was communicated. Thereupon Potts, joined by his wife, by their deed dated October 12, 1908, conveyed the land to J. G. Garner in consideration (as was recited in the deed) of the execution and delivery to them by said J. G. Garner of his six promissory notes, three of which were for $200 each, and the other three for $500 each, payable to said Potts or bearer. The three notes for $500 each were delivered to T. G. Garner, who then paid to Potts $250 and cancelled the $1250 note Potts had made to him, which was to have been secured by the trust deed on the land. These notes, as well as the three for $200 each, held by Potts, were secured by a vendor's lien retained by Potts on the land. At the time the transactions recited occurred appellants' suit resulting in the judgment in their

favor against T. G. Garner was pending in the District Court of Bowie County.

Appellants insist that "under the pleadings and evidence," quoting from their brief, "it is manifest that the land levied on by execution was and is the property of T. G. Garner, the execution defendant, and had been fraudulently placed in the name of J. G. Garner, father of said T. G. Garner, by a fraudulent device and arrangement between them for the purpose and with intent to hinder, delay and defraud appellants Todd & Hurley in the collection of their debt." The trial was before the court without a jury. The findings of the court were not reduced to writing and made a part of the record on this appeal. But the judgment rendered necessarily involved findings to the contrary of the contention made by appellants. If there was testimony to support such findings the judgment should not be disturbed by us on any of the grounds urged in appellants' brief. A careful examination of the testimony in the record has convinced us that it was sufficient to support, if it did not imperatively demand, findings that the title to the land had not been fraudulently passed to J. G. Garner, and that the land was not the property of T. G. Garner. According to the testimony of Potts and of both the Garners, which, in the record before us, is contradicted only by two or three circumstances of slight probative force, the transaction was untainted by fraud on the part of any one of the parties to it, and was a *bona fide* sale by Potts to J. G. Garner; and, except as the owner of three of the six purchase-money notes made by J. G. Garner to Potts, T. G. Garner never acquired and never owned an interest in the land. It must be conceded (Willis v. Summerville, 3 Texas Civ. App., 509, 22 S. W., 781), and, as we understand appellants, they do concede, that an interest in the land in T. G. Garner arising alone from his ownership of notes secured by a vendor's lien on same was not such an interest therein as could be levied on and sold by virtue of an execution issued on a judgment against him. But appellants insist that if J. G. Garner "bought the land intending and believing he was buying it for himself, and with the intention at some future time to pay back to his son the $1500 paid by him for the purchase of the land, he is nevertheless a mere holder of the legal title as trustee for his son T. G. Garner." We do not feel called upon to determine whether the proposition just quoted from appellants' brief is a sound one or not. In stating it appellants assume as a fact that T. G. Garner paid for J. G. Garner $1500 of the purchase price of the land. As shown by the record the fact is that T. G. Garner paid to Potts $250 and cancelled a note he held against Potts for $1250, in consideration of the transfer to him by Potts of three negotiable promissory notes for $500 each, executed by J. G. Garner in Potts' favor, representing a part of the purchase price to be paid by said J. G. Garner for the land, and secured by a vendor's lien thereon retained by Potts.

Another contention made by appellants is that "even if the interest of T. G. Garner," quoting further from their brief, "was not subject to execution sale, it was nevertheless such equitable interest as might

and should by a court of equity be subjected to the payment of the judgment debt of appellants." It is, we think, a sufficient reply to this contention to say that appellants' pleadings did not go farther than to assert a right on their part to subject to their execution the interest of T. G. Garner in the land. If they desired to invoke an exercise by the court of power it may have had to grant them other relief, they should have done so by proper pleadings.

We think there is no error in the judgment. Therefore it is affirmed.

*Affirmed.*

Writ of error refused.