## TRADERS' NAT. BANK v. PRICE et al.
### (No. 160–3148.)

(Commission of Appeals of Texas, Section A. March 2, 1921.)

**1. Appeal and error ⬅879—Nonappealing defendant cannot claim reversal on appeal by others.**

A defendant who did not appeal from the judgment for plaintiff cannot, on appeal by other defendants, ask a reversal of the judgment against him, even though he suggests fundamental error as to him.

**2. Vendor and purchaser ⬅261(4)—Failure to record assignment of vendor's lien material only if assignor releases.**

Though the failure to record an assignment of a note and the vendor's lien securing it would protect an innocent purchaser or creditor who relied upon a release or some affirmative act of the assignor to defeat the lien, such failure does not affect the right of the assignee, even against purchasers or creditors, where there is no affirmative declaration or equivalent act by the record owner of the lien.

**3. Vendor and purchaser ⬡⊃213(2)—Vendor's lien not subject to attachment.**

Since a vendor who reserves in his deed a lien for part of the purchase price retains no interest in the land subject to sale under execution, his interest is not subject to attachment under Rev. St. 1911, art. 254.

**4. Vendor and purchaser ⬡⊃261(5)—Attachment creditors of lien are not protected by failure to record assignment.**

Since the failure to record an assignment of a note and vendor's lien securing it leaves the assignor, according to the record, with only his lien in the land which is not subject to attachment, such failure does not give the attaching creditor of the assignor any right superior to the assignee, even if the assignment is an instrument whose recording is not only authorized under Rev. St. 1911, art. 6823, but is required under article 6824 to be effectual against creditors and subsequent purchasers.

**5. Attachment ⬡⊃178—Lien limited to actual interest of debtor.**

Independent of the operation of registration statutes, the lien of an attaching creditor is limited to the actual interest which the debtor has in the estate, and only through such statutes can a creditor acquire a better right or higher title than his debtor had.

**6. Attachment ⬡⊃178—Vendor and purchaser ⬡⊃260(2)—Property reconveyed to vendor by unrecorded deed subject to attachment, lien held subject to vendor's lien.**

Creditors who attached the interest of their debtor in certain lands, in which the record showed he had only a vendor's lien, but which in fact had been reconveyed to him by an unrecorded deed, thereby secured a lien upon the title given him by the deed, but such lien was subject to the vendor's lien, which he had assigned by unrecorded assignment to another.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by the Traders' National Bank against Mrs. Anna H. Price, T. P. Day and wife, and others. A judgment for plaintiff, from which the named defendants alone appealed, was reversed as to the appealing defendants by the Court of Civil Appeals (195 S. W. 934), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed and that of the district court affirmed.

R. L. Carlock, of Fort Worth, and Ewing Thomason, of El Paso, for plaintiff in error.

W. R. Sawyers, of Fort Worth, for defendant in error Weadington.

E. H. Ratcliff, Lee, Lomax & Smith, and Wm. J. Berne, all of Fort Worth, for other defendants in error.

SONFIELD, P. J. Traders' National Bank, plaintiff, sued Mrs. Anna H. Price, T. P. Day and wife, R. P. Waltz, J. F. Weadington, B. J. Houston and wife, and others not necessary to name, defendants, to recover upon a note executed by R. P. Waltz to B. J. Hous-ton, secured by a vendor's lien on 57 acres of land, and to foreclose the vendor's lien on the land. Houston was sued as indorser and guarantor of the note under a transfer of same to the bank and extension agreements, and Weadington as guarantor of the note at a date subsequent to its execution. The other defendants were sued as claiming an interest in the land. All of the defendants disclaimed interest in the land except Mrs. A. H. Price and Day and wife, who filed a cross-action seeking its recovery. The trial was to a jury, resulting in a judgment in favor of plaintiff, from which judgment Mrs. Anna H. Price and Day and wife alone appealed.

Weadington did not appeal, and filed no assignments of error, but in the Court of Civil Appeals filed a brief suggesting fundamental error in the judgment as to him. The Court of Civil Appeals declined to consider his brief, and affirmed the judgment of the district court as to all parties except Mrs. Anna H. Price and Day and wife. As to these parties, the judgment of the district court was reversed, and judgment rendered that plaintiff take nothing as to them, and they recover on their cross-action the title to and possession of the 57 acres, free from all claims of plaintiff and the other defendants. 195 S. W. 934.

The following material facts are taken from the findings of the Court of Civil Appeals:

In 1907 B. J. Houston, the then owner of the land in controversy, conveyed the same to defendant Waltz. As part consideration, Waltz executed and delivered to Houston his note for the principal sum of $6,000, dated June 20, 1907, due 12 months after date, payable to the order of Houston. The deed expressly retained a vendor's lien to secure the note, and was duly recorded. Before maturity of the note, Houston, for a valuable consideration paid by plaintiff, sold and indorsed to it the note, and executed and acknowledged a transfer and assignment of the vendor's lien and of all of his right, title, and interest in and to the land. This instrument was not recorded. Waltz did not in fact purchase the land from Houston, and did not pay him the cash consideration recited in the deed, or any part of it; it appearing that the transaction was had in order to enable Houston to borrow money on the note. Plaintiff acquired the note in due course of trade in good faith before maturity, and without knowledge that the original transaction between Houston and Waltz, through which the note was given, was not a genuine transaction, and believing that the transaction was what it purported to be on the face of the instruments. After Houston transferred the note and lien to the bank, and before the maturity of the note, Waltz

reconveyed the land to Houston, the latter assuming payment of the note. This deed of reconveyance was never recorded.

On February 26, 1914, Day and wife filed suit in the district court of Tarrant county to recover against Houston the sum of $3,000, which they had prior thereto delivered to him to be loaned for them upon proper security, and on the same day sued out and caused to be levied a writ of attachment on the 57 acres as the property of Houston. On March 10, 1914, Mrs. Price brought suit in the same court against Houston to recover the sum of $8,000, delivered to Houston to be loaned for her upon proper security, and on the same date sued out and caused to be levied a writ of attachment on the 57 acres as the property of Houston. The money so delivered to Houston by Mrs. Price and the Days was embezzled by him. Prior to the filing of these suits, Houston fled the country, and at the date of the trial of this case could not be found. Mrs. Price and the Days recovered judgments in their respective suits for the amounts sued for, with foreclosure of the attachment liens on the land in controversy. Plaintiff bank was not a party to these suits. Thereafter the land was sold under proper order of sale in the case of Price v. Houston, Mrs. Price purchasing the same, paying the costs, and crediting the balance of the purchase price on her judgment. Subsequently, under proper order of sale, in the case of Day v. Houston, the land was sold to the Days for $25, which amount was credited on the judgment, they paying in addition the costs.

From June 20, 1908, the date of the maturity of the note executed by Houston, the same was from time to time extended by agreement between Houston and the plaintiff bank; such extensions being indorsed on the back of the note and not recorded. At the time of the levy of the writs of attachment, the note was more than four years past due from its original due date.

The Days and Mrs. Price at the time of the levies of the writs of attachment had no actual notice or knowledge of the lien of plaintiff bank, and no constructive notice thereof, other than that given by the record of the deed from Houston to Waltz and the stated retention therein of the lien to secure the payment of the note in question. It is further established that at the date of the levy of the writs of attachment the Days and Mrs. Price had no knowledge of the reconveyance of the land by Waltz to Houston, of the assumption of the note by Houston, or of the various extensions of the note.

[1] The Court of Civil Appeals correctly held that Weadington, not having perfected an appeal from the judgment rendered against him, must be held bound by such judgment, and could not claim a reversal in his behalf on the appeal by the Days and Mrs.

Price. Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136.

In the view of the parties, the determinative question presented may be thus stated: The deed from Houston to Waltz, expressly retaining a vendor's lien, being of record, but the assignment of the note and lien by Houston to plaintiff bank not being recorded, and defendants, creditors of Houston, having levied writs of attachment upon the land without actual notice thereof, was the assignment void as to defendants?

[2] The assignment of the note and lien by Houston to plaintiff bank was an instrument authorized to be recorded. Had the record owner of the note and lien released the same of record, the assignment to plaintiff bank would be ineffectual as to a subsequent purchaser for value and without notice. Such subsequent purchaser, though charged with notice of the existence of a lien, through the record of the deed expressly reserving the same, would be warranted, from the record, in believing that such lien had been extinguished. An affirmative declaration, or an act equivalent to such declaration, by the record owner of the note that same had been paid, satisfied, or canceled, or the lien released or extinguished, would protect one dealing with the land in good faith for a valuable consideration and without notice; but, in the absence of such affirmative declaration or equivalent act by the record owner, the fact that the transfer of the note and lien was not of record would be without effect upon the rights of the respective parties. This is the holding in Wooten Grocer Co. v. Lubbock State Bank, 215 S. W. 835, following Henderson v. Pilgrim, 22 Tex. 464, and Moran v. Wheeler, 87 Tex. 179.

Defendants do not claim protection as innocent purchasers, but as creditors. The Wooten Case, supra, appears decisive against them; for, of course, the right of a creditor under the statute is not higher than that of an innocent purchaser. However, defendants submit a proposition, not discussed in the cases above cited, which merits consideration, in so far as applicable to the present case. They assert that the instrument executed by Houston transferred to plaintiff bank the "superior" or "legal" title remaining in him as vendor; and, being the conveyance of an interest in land, its recording was not only authorized under article 6823, R. S. 1911, but was required under article 6824, R. S. 1911, in order to be effectual against creditors and subsequent purchasers for value and without notice; that by the term "creditors" is meant those who have acquired liens upon the property, and that through the levies of their writs of attachment liens were created in their favor upon the superior or legal title so remaining in Houston, and therefore as to them the unrecorded assignment to the bank is void.

Article 6824 reads as follows:

"All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years; and deeds of settlement upon marriage, whether land, money or other personal thing; and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law."

Whether the above-quoted article requires the recording of every instrument conveying any interest in land, or only such as are "made for the passing of any estate of freehold, of inheritance, or for a term of years," and whether the assignment of a vendor's note and lien conveys an estate or interest within the purview of the article, need not, in our view of the case, be determined.

The deed from Houston to Waltz, retaining the lien, was of record; the assignment of the lien to the bank was unrecorded. The record at the date of the levies of the writs of attachment disclosed that Houston had parted with all title to the land, other than that reserved through the retention of the lien; that title appeared from the record to be in him. Defendants assert that constructive notice to them as to the state of the title was limited to the actual disclosures of the record; that they were entitled to rely upon the record; and that in determining the character and extent of their liens as against plaintiff, Houston's title must be deemed and taken to be such as the record disclosed. We will proceed to so consider the title.

[3] Whatever may be the character of the title remaining in a vendor who reserves in his deed a lien for any part of the purchase price, it has been definitely determined that he retains no interest in the land which is subject to sale under execution. Willis v. Somerville, 3 Tex. Civ. App. 509, 22 S. W. 781. This holding is approved in Douglass v. Blount, 95 Tex. 369, 380, 67 S. W. 484, 58 L. R. A. 699, wherein the court said:

"The title which remained in Fortescue [the vendor] was not the subject of sale under execution. Willis v. Somerville, 22 S. W. 781. Application for writ of error presenting this question alone was refused."

See, also, Rutherford v. Mothershed, 42 Tex. Civ. App. 360, 92 S. W. 1021. Such interest or title, not being subject to execution, was not subject to attachment. Article 254, R. S. 1911.

[4] Regarding the record as reflecting the true state of the title, and conceding to defendants the right to rely thereon, as insisted upon by them, the only interest or title in Houston so disclosed was not subject to attachment, and defendants acquired no liens through the levies of their writs. It follows that, defendants not being creditors within the meaning of the statute, the failure to record the assignment, if recordation was required, did not render the same void as to them.

As we view the case, the question of notice, beyond that given through the record of the deed from Houston to Waltz, is not involved. Through the record of this deed, defendants were charged with notice of the existence of the lien, and that Houston's title was limited to such as remained in him in virtue of the lien. This title not being subject to attachment by Houston's creditors, it is wholly immaterial, as far as the rights of defendants are concerned, whether such title remained in him or passed to another through an unrecorded instrument. The record of the original deed charged them with notice, as before stated, of the creation of the lien, and there was nothing of record to indicate its release or extinguishment. Even if a release of the lien had appeared of record, or if, as asserted by defendants, the note was apparently barred by limitation, warranting belief by them that it had been paid or the lien in some manner discharged or extinguished, how could this avail them? In the light of the record, Waltz would there be vested with a title perfect and complete, and Houston divested of all right, title, or interest of any kind or character in the property levied upon.

The record, however, did not reflect the true state of the title. Not only had the note and lien been assigned, the assignment not appearing of record, but the evidence established that prior to the levies of the writs of attachment Waltz had reconveyed the land to Houston, the latter assuming payment of the note secured by the vendor's lien. The deed of reconveyance was not recorded, and defendants were without knowledge or notice thereof. It is necessary then to consider the rights of defendants as attaching creditors with reference to the title as it actually stood at the date of the levies.

The deed of reconveyance, being unrecorded, would be ineffectual as to subsequent purchasers for a valuable consideration and without notice from Waltz and as to his creditors. This is true only in virtue of the registration statutes. As to defendants, creditors of Houston, the registration statutes were without effect, and their rights must be measured independent of such statutes.

[5, 6] Independent of the operation of registration statutes, the lien of an attaching creditor is limited to the actual interest which the debtor has in the estate. Only through such statutes can a creditor acquire a better right or higher title than his debtor had. Blankenship v. Douglas, 26 Tex. 226, 82 Am. Dec. 608; Grace v. Wade, 45 Tex. 522. Through the deed of reconveyance, Houston acquired title to the land, subject to the lien securing the note, payment of which he as-

sumed. The liens of defendants extended to and bound only such title or interest as Houston actually had at the date of the levies, and were consequently subordinate to the vendor's lien.

We conclude that, as the title was disclosed by the record, the title of Houston not being subject to attachment, defendants through the levies of their writs and sales thereunder acquired no liens or titles. As the title in fact stood, their liens attached, and their titles extended only to such title as Houston had, and, like his title, were subject to the lien of plaintiff bank.

We are of opinion that the judgment of the Court of Civil Appeals, in so far as it reversed the judgment of the district court as to Mrs. Anna H. Price and T. P. Day and wife and rendered judgment in their favor, should be reversed, and the judgment of the district court in all things affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

⬅⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes