### HODGKINSON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.
March 11, 1925. Rehearing Denied
April 6, 1925.)

No. 4449.

**1. Perjury ⊙⇒6—False oath by surety on bail bond taken by commissioner constitutes perjury.**

An inquiry by a United States commissioner as to the solvency of a surety on a bail bond for the appearance of an accused before the District Court is a judicial proceeding, and a willfully false oath made by the surety therein constitutes perjury.

**2. Bail ⊙⇒49—Commissioner has discretion as to qualification of surety.**

A United States commissioner has considerable discretion in accepting a surety on a bail bond, and may take into consideration all the circumstances, and require the surety to qualify in any amount which in his judgment is necessary to effect the purpose of the bond, and to show that he owns real estate subject to execution within the jurisdiction of the court; nothing in Rev. St. § 1014 (Comp. St. § 1674), or Code Cr. Proc. Tex. 1911, §§ 325, 327, restricting this discretion.

**3. Perjury ⊙⇒32(8)—Evidence held properly excluded as incompetent.**

In a prosecution of the surety on a bail bond for perjury in making a false oath as to the value of real estate owned by him and subject to execution, evidence of the market value of real estate which he had sold under contracts requiring him to give title on completion of the payments held properly excluded.

**4. Criminal law ⊙⇒901—Motion for directed verdict waived by introduction of evidence.**

A motion for directed verdict, made at the close of the government's case is waived by the subsequent introduction of evidence by defendant, unless renewed at the close of all the evidence.

Bryan, Circuit Judge, dissenting.

In Error to the District Court of the United States, for the Western District of Texas, San Antonio Division; Du Val West, Judge.

Criminal prosecution by the United States against C. H. Hodgkinson. Judgment of conviction, and defendant brings error. Affirmed.

Leonard Brown, of San Antonio, Tex., for plaintiff in error.

John D. Hartman, U. S. Atty., and N. J. Morrison, Asst. U. S. Atty., both of El Paso, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, hereafter called the defendant, was convicted of perjury in making a false oath to justify as surety on a bail bond of $500, taken before a United States commissioner, for the appearance of the accused before the District Court. The falsity charged is that he swore that he was worth $25,000 over and above his just debts and liabilities, in property subject to execution and sale, consisting of real estate located in San Antonio, Bexar county, Tex.

The only questions presented and argued on behalf of defendant are as to the materiality of the matter stated in the affidavit and its falsity. These questions are raised in various ways by assigning error to the overruling of a demurrer, and a motion in arrest of judgment, to the action of the court in admitting and excluding certain evidence, to the refusal of special charges requested, and

to portions of the general charge. There are 27 assignments of error. It would be impracticable to treat each assignment separately.

The defendant contends that under the provisions of Revised Statutes, § 1014 (Comp. St. § 1674) his qualification as surety was governed by the law of Texas; that under the provisions of articles 325 and 327 of the Code of Criminal Procedure of Texas he was not required to justify in more than double the amount of the bond, or $1,000, therefore his affidavit that he was worth $25,000 was immaterial; and further that he was not required to show that he had real estate subject to execution.

Article 325 of the Code of Criminal Procedure of Texas provides that one surety may be sufficient on bail bonds, if it be made to appear that such surety is worth at least double the amount of the sum for which he is bound. This does not limit the discretion of the officer taking the bail in inquiring as to the solvency of the surety. Article 327 of the same Code provides a form of affidavit. The affidavit required of defendant is substantially the same as that provided for by the Texas statute. The only difference is that the statutory form makes no mention of the kind of property owned by the surety and does not require that the affidavit show that the property is in any particular county. That is also immaterial to this case.

[1] There could be no question that a United States commissioner has authority to hold an accused for appearance before the District Court, and the proceeding in which an inquiry is had as to the solvency of the surety is judicial. U. S. v. Jones, 134 U. S. 483, 10 S. Ct. 615, 33 L. Ed. 1007. It appears from the record that, when the defendant first presented himself as surety on the bond in this case, the commissioner declined to accept him. He had previously signed three other bail bonds before the same commissioner, aggregating $2,500, and had sworn he owned real estate up to $20,000. The commissioner also knew that he was on other bail bonds in state courts. The defendant then stated that he had acquired additional real estate and was now worth $25,000 over and above his debts and liabilities. On that statement the commissioner accepted him.

[2] It is of paramount importance that one accused of crime in any court shall give solvent and adequate security for his appearance when wanted; otherwise, prosecution might be escaped, or at least delayed. A commissioner, therefore, has considerable discretion in accepting the surety, and may reject the person offered for any good and sufficient reason, such as that he is a habitual or so-called professional bondsman, or that recovery would be difficult in case of default. It was well within the discretion of the commissioner in this case to exact that the defendant should qualify in the amount of $25,000, and that he should show real estate of that value within the jurisdiction of the court and subject to execution. The matter stated in the affidavit was material; but, if there be any doubt as to the amount, it was at least material to the extent of $1,000.

On the question of the falsity of the statement there was evidence introduced on behalf of the government tending to show that the total amount of real estate standing in the name of defendant and subject to execution and sale was four lots, valued at $3,850. As against this he was liable on 3 bail bonds before the United States commissioner, aggregating $2,500, and on 11 bail bonds in the state courts of Bexar county, aggregating $4,800. It is not shown that any of these bonds had been escheated, and therefore, for the purpose of calculating his net worth, they may be eliminated from consideration. In addition, he was liable on seven promissory notes, a total of $12,250, all secured by mortgage and deed of trust on his real estate, with the further liability on an unsecured promissory note for $1,544.02. From this it is evident he was not solvent, even to the extent of $1,000, and it is further shown that he had acquired no new real estate at the time he signed the bond in this case.

[3] Defendant then offered to prove the market value of certain real estate sold by him under contracts in the nature of bonds for title. On objection of the United States attorney, this evidence was ruled out. These contracts are sales in due form of certain described land for a fixed consideration, payable in small monthly installments, with the agreement that, upon completion of payment of the purchase money, warranty deed would be executed, and with the condition that, if the purchaser should fail to pay the taxes, water rents, or fire insurance, or should default in the payment of any installments, the holder of the contract, presumably the defendant, would have the right to declare the entire indebtedness due and payable at once, or at his option declare the payments previously made forfeited for liquidated damages, with the right to possess himself of the property. Clearly this was not real estate subject to execution. Haynie Mercantile Co. v. Miller, 41 Tex. Civ. App.

79, 92 S. W. 262; Summerhill v. Hanner, 72 Tex. 224, 9 S. W 881; Douglass v. Blount, 95 Tex. 369, 67 S. W. 484, 58 L. R. A. 699; Rutherford v Mothershed, 42 Tex. Civ. App. 363, 92 S. W. 1021; Willis v. Sommerville, 3 Tex. Civ. App. 509, 22 S. W. 781. The cases relied on by defendant are not in point.

There was no error in sustaining the objection to this evidence. The market value of the property was irrelevant, and the most that could have been shown, even on the question of good faith, was the equity of defendant in the property.

Defendant cites numerous cases to the effect that a charge of perjury cannot be predicated on an oath not required by law. There can be no question as to the correctness of the doctrine enunciated by these cases, but it has no application in the case before us.

[4] Defendant also assigns error to the overruling of a motion to direct a verdict in his favor at the close of the Government's case. Further evidence was admitted on behalf of the defendant, and the motion was not renewed. It was not error to refuse the motion in the first place, but it must be held as waived by the failure to renew it. Alderman v. U. S. (C. C. A.) 279 F. 259.

There is no reversible error in any of the points relied on by defendant. The judgment is affirmed.

BRYAN, Circuit Judge, dissents.