LINDSEY v. HART et al. (No. 515-4191.)

(Commission of Appeals of Texas, Section B. Oct. 21, 1925.)

1. Vendor and purchaser ⬥⟹285(1)—Judgment foreclosing vendor's lien necessarily implied that judgment would include vendee of original vendee.

Necessary implication of judgment foreclosing vendor's lien, in light of petition alleging that land had been conveyed, was that personal judgment would be against defendants named in that connection and foreclosure against all defendants, especially owner of property, as judgments are to be liberally construed so as to read into them necessary implications and make them serviceable instead of useless.

2. Vendor and purchaser ⬥⟹285(1)—Only recovery that can be had against vendee of original vendee on foreclosing vendor's lien is foreclosure and sale.

Judgment foreclosing vendor's lien upon allegations that particular defendant is vendee of original vendee does not have effect of giving possession before sale, since only recovery that can be had against such defendant is foreclosure and sale, without right of possession until after sale under Rev. St. 1911, arts. 2000, 2001.

3. Vendor and purchaser ⬥⟹288—Vendee who takes subject to vendor's lien entitled to rents and profits until he loses title by operation of law.

Vendee, who takes subject to vendor's lien, even though it be expressly retained in deed under which his vendor held, is entitled to use and occupation and to rents of premises that accrue before he loses title in some mode prescribed by law, and, in case of foreclosure, retains title until land is purchased at statutory sale.

4. Appeal and error ⬥⟹71(3)—Judgment rendered in cross-action in hearing on temporary injunction is necessarily interlocutory.

Judgment rendered on cross-action, heard on motion to dissolve temporary injunction, is necessarily interlocutory, and not subject to appeal.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Robert Lindsey against Max W. Hart and others. A judgment of the Court of Civil Appeals (260 S. W. 286), affirmed an order of the district court dissolving a temporary injunction, and plaintiff brings error. Affirmed in part, and reversed and rendered in part.

Seale & Denman, of Nacogdoches, and Harris & Harris, of Austin, for plaintiff in error.

S. W. Blount, of Nacogdoches, for defendants in error.

STAYTON, J. The disposition of the case is dependent upon the effect, as against Max W. Hart, of a judgment of foreclosure that was had prior to the present litigation. The steps of the former trial and of this last one will be stated in the order of their occurrence.

Robert Lindsey and others brought a suit against persons to whom they had sold some land counting upon the promissory notes given as part of the consideration and the vendor's lien retained in the deed for their security. They joined Max W. Hart as a defendant, alleging that their vendees had conveyed the land to him. They prayed recovery upon the notes and foreclosure, "as well as for title and possession of said land and against the defendant Max W. Hart," for order of sale and for general relief.

After a trial the court entered a judgment reciting that the parties appeared, giving recovery to one of the plaintiffs upon the notes as against the defendants who had signed them, foreclosing the vendor's lien against the land, and decreeing that order of sale issue, as required by statute. The judgment continued:

"And it is further ordered that said officer place the purchaser of said property in possession thereof within 30 days after the day of the sale. And said order of sale when issued shall have the force and effect of a writ of possession."

[1] It is contended that this was not a final judgment because it did not mention the defendant Hart. But, in the light of the petition, the necessary implications of it were

that the personal judgment was against the defendants who were named in that connection, and against whom alone that recovery was prayed, and the foreclosure was against all of the defendants, including especially Hart, who was the alleged owner of the property. Judgments are to be liberally construed so as to read into them their necessary implications and make them serviceable instead of useless. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161.

It is claimed by plaintiff that the petition was not only for foreclosure but also for possession before sale as against defendant Hart, and that the judgment had the effect of awarding such possession.

[2] Any sense of that nature that the petition might have had was ineffective on its face, whether general demurrer was urged or not. For, in a suit to foreclose a vendor's lien upon simple allegations that a particular defendant is a vendee of the original vendees, the only recovery that can be had against that defendant is foreclosure and sale. Such an action from the standpoint of possession is exactly like that of a mortgagee who is out of possession. Until the order of sale is executed there is no right of possession in the plaintiff, and only then if he becomes the purchaser. Stephens v. Motl, 82 Tex. 81, 18 S. W. 99; Willis v. Sommerville, 3 Tex. Civ. App. 509, 22 S. W. 781; Burson v. Blackley, 67 Tex. 5, 2 S. W. 668; Gulf Pipe Line Co. v. Lasater (Tex. Civ. App.) 193 S. W. 773, at page 782.

This judgment does not purport to award possession before vendue. On the contrary, it follows the statutes regarding foreclosure of liens, and as regards possession is to be construed as having their effect and the only lawful effect, which is that the purchaser—not the plaintiff, unless he make the successful bid—shall be entitled to possession, and shall be given that relief by the sheriff or constable. R. S. arts. 2000, 2001.

If the petition asked further remedy in that respect, it was improper, and the judgment, by not mentioning it, denied it. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161.

To resume account of the occurrences leading up to and coming about in the present suit, which is the second suit: According to the allegations of plaintiff's petition, after the foreclosure judgment, Hart gave supersedeas bond with insufficient sureties and the fraudulent purpose of delaying the order of sale; failed to file his record in the Court of Civil Appeals; was subjected to affirmance on certificate; leased the land to a tenant (who was made a defendant also); refused to give possession to plaintiff, who had an opportunity to sell the timber off the land to advantage if he could get it, and stood to lose most of its value if he could not; and was about to collect the rents from the tenant when this action was filed. Plaintiff prayed, and received on ex parte hearing in chambers, an injunction against defendants, prohibiting them from interfering with the sale of the timber and, respectively, from paying over and receiving the rent. It was not called temporary, but that was its nature. It was granted by a mere notation of the judge on the face of the petition.

The defendant Hart made proper motion to dissolve this injunction, specially denying any fraud on his part, and setting up that the foreclosure had not been consummated by sale. He also incorporated in his motion a cross-action against plaintiff for causing, by the injunction, the loss of the rents accrued and due by the tenant.

The plaintiff answered the cross-action by exceptions, which were not passed upon, and are therefore presumed to have been waived, and by general denial and special allegations contesting the merits of the claim.

The case was heard upon the facts, and judgment rendered dissolving the injunction in part and giving to defendant against plaintiff upon the cross-action a money judgment, with stay of execution pending appeal.

The plaintiff contends, first, that this money judgment should not have been awarded because, under the previous foreclosure judgment, Max Hart was not entitled to the rents.

[3] But a vendee who takes subject to a vendor's lien, even though it be expressly retained in the deed under which his own vendor held, is entitled to the use and occupation and to the rents of the premises that accrue before he loses title in some mode prescribed by law.

In the case of a suit for foreclosure, he retains the title and these rights until the land is purchased at a statutory sale. The authorities have already been cited.

[4] The plaintiff further says that the trial court had no power to render a judgment for damages in a proceeding of this sort. In view of the fact that the hearing for permanent injunction had not yet been had, and that the case remained on the docket for final disposition, we are of the opinion that any judgment for damages prior to final hearing was necessarily interlocutory, for the statute provides that—

"Only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law." R. S. art. 1997.

There is no exception provided by law in a case of this sort. In other words, the judgment for damages was necessarily interlocutory, because final judgment in the case was still in contemplation; and, while it cannot legally injure the plaintiff until the final hearing, neither can it be the subject of appeal. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, and authorities cited.

The judgment of the Court of Civil Appeals entirely affirmed that of the district court.

We recommend that the judgments of the

district court and Court of Civil Appeals, in so far as they dissolved the temporary injunction, be affirmed; that, in so far as they awarded damages on the motion to dissolve the temporary injunction, such judgments be reversed and rendered for plaintiff in error, but without prejudice to the right of the defendants in error to present and try out such issue on the final hearing of the case in the district court.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed in so far as they dissolved the temporary injunction, but judgments of both courts are reversed and rendered in favor of plaintiff in error in so far as they awarded damages in this proceeding, but without prejudice as to this issue on the final trial of the case, as recommended by the Commission of Appeals.