### SPEAR et al. v. GLENN et al.
#### No. 8027.

Court of Civil Appeals of Texas. Austin.
Nov. 21, 1934.

Rehearing Granted April 17, 1935.

R. L. Graves, of Brownfield, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellees.

McCLENDON, Chief Justice.

Suit by Glenn, receiver of the Temple Trust Company, against Spear, the maker of certain promissory notes, and McClish, who assumed payment of the notes, for personal judgment upon the notes and to foreclose a trust deed upon real estate securing them. Panhandle Construction Company, holder of paving certificates secured by mechanic's lien executed by McClish and wife upon the property securing plaintiff's trust deed, was also made a party defendant. The construction company filed a cross-action against Spear and McClish and wife, in which personal judgment was asked against Spear and McClish, and foreclosure generally of its mechanic's lien was prayed for. A joint answer to the cross-action was filed by Spear and McClish and wife, and later McClish filed an amended answer. Upon trial to the court without a jury, judgment was rendered in favor of plaintiff against Spear and McClish upon the notes, and foreclosing the trust deed, which was declared superior to the mechanic's lien; and in favor of the construction company against McClish personally upon the paving certificates, and, to quote from the judgment, "the lien asserted by the defendant Panhandle Construction Company is hereby decreed to be a valid subsisting lien on the land and premises above described, and the same is hereby foreclosed against the defendant L. E. McClish." No mention is made of Mrs. McClish in the judgment further than the fact-finding recitals to the effect that she executed the mechanic's lien instrument.

Appellants now urge that this court is without jurisdiction of the appeal, because the judgment is not final, in that one of the parties to the suit, Mrs. McClish, was not disposed of in the judgment. We sustain this contention. Mrs. McClish was expressly made a party to the cross-action seeking foreclosure of the mechanic's lien alleged and shown by the evidence to have been executed by her, and appeared and answered in the case; and the judgment of foreclosure is expressly only against McClish. This express limitation of the foreclosure to McClish distinguishes this case from Lindsey v. Hart (Tex. Com. App.) 276 S. W. 199, where the foreclosure was general without specifying any particular parties.

The appeal is dismissed at the cost of appellants.

### On Appellees' Motion for Rehearing.

Since the order of dismissal in this cause, the record has been perfected by certiorari, showing that in the trial court it has been made to appear that the omission of Mrs. McClish's name from the foreclosure judgment was through inadvertence and a mere clerical error.

Upon the merits of the case, it appears that the only ground of reversal is the denial by the trial court of a plea of usury to the notes sued upon. This plea is predicated upon the acceleration clause in a second trust deed securing an installment note given for a part of the interest on the principal notes secured by the first trust

deed. The trust deed provisions are in all substantial respects the same as those involved in Walker v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 826, recently affirmed by the Supreme Court, 80 S.W.(2d) 935, in which it was held that the transaction was not tainted with usury.

Other points raised in the appeal are immaterial in view of this holding.

The order of dismissal is set aside, and the trial court's judgment is affirmed.

Order of dismissal set aside; judgment affirmed.