## J. L. Rutherford et al. v. J. F. Mothershed.

### Decided March 17, 1906.

**1.—Vendor's Superior Title—Rescission.**

A vendor of land expressly reserved in the deed a lien to secure the notes given for the purchase money.   These notes were assigned by him after maturity.   The assignee filed suit upon the notes against the widow and children of the original vendee, and certain parties who claimed to have bought at execution sale the equity or title of the vendor in and to the land, all of whom were in possession.   The defendants plead limitation against the notes. The assignee of the notes secured from the vendor a conveyance of all his title and interest in the land, and changed his suit to trespass to try title. Held, plaintiff was entitled to recover the land.

**2.—Interest of Vendor—Execution Sale.**

The interest of a vendor in land which has been sold by him on credit and a lien retained to secure the purchase money, is not such interest as is subject to levy and sale under execution, until there has been a rescission of the sale.

**3.—Fraudulent Sale—Homestead.**

Creditors have no interest in homestead property, and it can not be the subject of a fraudulent sale.

**4.—Same—Illegitimate Children.**

A man and woman living in adultery can have no homestead exemption; but the father of illegitimate children, living with him, may assert homestead rights.

Appeal from the District Court of Franklin County.   Tried below before Hon. P. A. Turner.

*C. W. Stringer* and *R. T. Wilkinson,* for appellants.—A deed of conveyance expressly reserving the vendor's lien is an executory contract to convey, and the superior legal title remains with the vendor, subject to be defeated by a payment of the balance due on the purchase money.

Where the interest of the vendor has been acquired at execution sale, and the interest of the vendee has been acquired afterwards, the original vendor can not defeat the title of the party holding both interests by a rescission of the original sale and in a suit to recover the property. Coddington v. Wells, 59 Texas, 50; Compton v. Baker, 52 Texas, 259; Loan & Trust Co. v. Beckley, 93 Texas, 267; Ellis v. Hanny, 3 Texas Ct. Rep., 1065.

*Leach & Sheppard, R. E. Davenport* and *L. L. Wood,* for appellee.— The appellants having forced appellee by plea of limitation to rescind the contract and assert his superior title in a suit of trespass to try title, and having in such suit joined issue upon the question of title without offering to perform the contract by paying the balance of the purchase money, they can not complain that judgment for the land was rendered against them. White v. Cole, 87 Texas, 500; Stone Land and Cattle Co. v. Boone, 73 Texas, 548; Efron v. Burgower, 57 S. W. Rep., 306; Moore v. Giesecke, 76 Texas, 543; Jackson v. Palmer, 52 Texas, 427.

J. M. Taliaferro having sold the land to W. A. Pogue, March 25, 1893, on a credit for the sum of $1,200, in five promissory notes, for $240 each, due January 1, 1894, 1895, 1896, 1897 and 1898, and expressly reserved in his deed the vendor's lien, and Pogue having paid the first note January 1, 1894, J. M. Taliaferro had no such title or interest in the land, in March, 1894, as was subject to a levy and sale under execution. Willis v. Sommerville, 22 S. W. Rep., 781; Douglass v. Blount, 95 Texas, 369, 78 Texas, 556.

J. M. Taliaferro and his minor child, though she was illegitimate, constituted a family and were entitled to a homestead. Lane v. Phillips, 69 Texas, 240; Gay v. Halton, 75 Texas, 203.

TALBOT, ASSOCIATE JUSTICE.—On March 25, 1893, J. M. Taliaferro sold the land in controversy to W. A. Pogue for $1,200, for which Pogue executed his five promissory notes in the sum of $240 each, bearing interest at the rate of ten percent per annum and payable to the said Taliaferro, respectively, on the first day of January, 1894, 1895, 1896, 1897 and 1898. Taliaferro executed a deed to Pogue for the land in which the vendor's lien was expressly retained to secure the payment of said notes. The first of said notes was paid by Pogue and after the maturity of the others they were assigned to appellee. W. A. Pogue died intestate before the institution of this suit, and left surviving him appellants Mrs. Flora Pogue, his widow, Jim Pogue, Tom Pogue and Hughie Pogue, as his only heirs. The Pogues and other appellants, Rutherford and Dutton, were in possession of said land, claiming the same, and on February 19, 1901, appellee filed this suit against them to establish his debt, evidenced by the said four notes mentioned, and to foreclose his vendor's lien. Appellants answered, pleading the statute of four years limitation. This plea was available against all the notes, as shown by appellee's petition, except the last one falling due. Upon the coming in of this plea appellee, on November 11, 1901, secured a conveyance from Taliaferro, of all his title and interest in the land and by an amended petition changed the action to one of trespass to try title to recover the same. To the action of trespass to try title appellants

answered by plea of not guilty; that the deed from Taliaferro to W. A. Pogue, dated March 25, 1893, was made for the purpose of defrauding the creditors of the said Taliaferro; that said deed was a mere sham, that it was not intended by the said parties thereto that the title to the land described therein should pass and that appellee had notice of the fraud and character of said deed. Appellants also pleaded the statutes of limitation of three and five years. To appellants' answer charging that the deed from J. M. Taliaferro to W. A. Pogue was fraudulent, etc., appellee replied that the land therein conveyed and which is the land, or a part thereof, in controversy in this suit, was the homestead of the said Taliaferro and family when said deed was executed, and not the subject of a fraudulent conveyance. The case was tried by the court without a jury and judgment rendered in favor of appellee for the recovery of the land, and appellants have appealed.

Appellants' proposition under the first assignment of error is as follows: "This being an executory contract, before J. M. Taliaferro could rescind and recover the land, he would have to tender back what he had received on the land; in other words, he would have to rescind in toto. This rule would apply strictly where other parties had acquired rights in the land before rescission." This contention can not be sustained under the authorities in this State. By the terms of the transaction between Taliaferro and Pogue the superior title to the land remained in J. M. Taliaferro, until it was conveyed by him to appellee on November 11, 1901. This conveyance vested in appellee such title, and the mere bringing of the suit upon the notes and to foreclose the vendor's lien, as was originally done, did not have the effect to affirm the contract. Appellants, by their plea of limitation, which would have defeated a recovery on the notes and a foreclosure of the vendor's lien, authorized appellee to assert his superior title in an action of trespass to try title, and his right to recover the land could only be defeated by appellants paying or tendering the balance of the purchase money represented by said notes. This they did not do, and can not now be heard to complain that judgment for the land was rendered against them. (White v. Cole, 87 Texas, 500; Sanders v. Rawlings, 77 S. W. Rep., 41.) That the assignee holding the notes and a conveyance from the vendor of the superior title, has the same right to recover the land as the original vendor would have as the holder of said notes and title, is affirmed by the case of White v. Cole, supra. And in that case it is said: "Cole having forced her (Mrs. White) by plea of limitation to rescind the contract and resort to her superior title in a suit of trespass to try title, and having in such suit joined issue and rested his case upon a question of title without offering to perform his part of the contract is in no position to ask that the cause be demanded to enable him to plead equities."

Appellants' second assignment of error is as follows: "The court erred in holding that the plaintiff is entitled to recover the land in controversy, because at the time that J. M. Taliaferro attempted to convey the said land to the plaintiff all his right, title and interest had passed to the defendants, J. L. Rutherford and H. O. Dutton, by the judgment, execution sale and sheriff's deed mentioned in the court's ninth finding of fact. And further, because at the time of such attempted conveyance

said defendants had acquired the title of the heirs of W. A. Pogue in the land by an agreed judgment and Taliaferro could not defeat the rights of the said defendants by such conveyance, the amount that the said defendants paid having gone to satisfy a debt of said Taliaferro and the plaintiff not being a purchaser for value." This assignment is predicated upon the following facts established by the evidence: The deed from J. M. Taliaferro to W. A. Pogue expressly reserved a vendor's lien to secure the payment of the purchase money notes mentioned therein. One of said notes was paid off by W. A. Pogue, after which a creditor of Taliaferro, who had obtained a judgment against him, levied an execution on the land as the property of Taliaferro and had it sold at sheriff's sale. Appellants Rutherford and Dutton became the purchasers of the property at said sale and received a deed therefor from the sheriff, May 1, 1894. Afterwards, they brought suit against the said W. A. Pogue to recover the said land and a compromise judgment was entered awarding and setting it apart to them.

The proposition of law asserted in this assignment is, that the title which remained in J. M. Taliaferro was the subject of sale under execution; that appellants Rutherford and Dutton had acquired that title by virtue of their purchase at the sheriff's sale made in 1894, and having secured W. A. Pogue's interest in the land by compromise judgment entered in their said suit against him, Taliaferro could not defeat their title thus acquired by the subsequent conveyance made to appellee. This proposition is not sound. It has been definitely settled by decisions of this State, that the interest of a vendor in land, which has been sold by him on a credit, and a lien expressly retained to secure the payment of the purchase money, is not such interest as is subject to levy and sale under execution until there has been a rescission of the sale. It has been expressly so held by the Court of Civil Appeals of the Second District in the case of Willis v. Sommerville, 3 Texas Civ. App., 572, and to the same effect is the holding of the Supreme Court in the case of Douglass v. Blount, 95 Texas, 369, in which the case of Willis v. Sommerville, supra, is cited with approval. These cases are directly in point and decide the question under consideration adversely to appellants' contention.

The trial court found and the evidence supports the findings, that the four notes executed by Pogue to Taliaferro for the land in controversy were assigned to appellee after maturity; that at the time Taliaferro sold the land to W. A. Pogue, he (Taliaferro) owed debts and by the sale of said land and other lands he rendered himself insolvent and remained so up to the time of the trial of this suit; that the sale of these lands were made by Taliaferro with intent to defraud his creditors and that Pogue knew that fact when he bought. In view of these facts and other evidence in the case appellants contend that appellee was not entitled to recover. That having bought the notes after maturity he was chargeable with notice of the fraudulent purpose on the part of Taliaferro and Pogue in the sale and purchase of said land and therefore judgment should have been rendered in their favor. This contention can not be sustained for the reason that at the time of the sale of the land to Pogue, Taliaferro was the head of a family and the property constituted his homestead. It is well settled that creditors have no

interest in homestead property and that it is not the subject of a fraudulent sale. But appellants insist that the court erred in holding that the land was the homestead of Taliaferro, because (1) the evidence fails to show such occupancy by Taliaferro as would invest said land with the homestead character; (2) because Taliaferro's family was composed solely of himself and his illegitimate daughter, and hence did not constitute such a family as entitled him to the homestead exemption under the laws of this State; (3) that if Taliaferro ever acquired a homestead in the land he abandoned it as such before the conveyance to Pogue.

We are of the opinion that the court did not err in either of the respects mentioned. The court's finding that the land had not been abandoned by Taliaferro and was his homestead at the time he conveyed it to Pogue is supported by the evidence and under the well established rule of practice in this State we would not be authorized to disturb it. And, while the law will not recognize as a family entitled to the homestead exception in this State, a man and woman living together in adultery, yet it has been held that there rests on the father of illegitimate children a natural obligation to support them and they, living with him, constitute such a family as may assert homestead rights. (Lane v. Phillips, 69 Texas, 240.) Nor did the court err in holding that the sale of the land by Taliaferro to Pogue was real and not fictitious. The burden of proof on this issue rested upon appellants, and we are not prepared to say that sufficient evidence was adduced to authorize a conclusion different from that reached by the trial judge.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.