## CROW v. BURMEISTER.
### No. 2413.

Court of Civil Appeals of Texas.   El Paso.
March 20, 1930.

West & Horner, of San Antonio, for appellant.

Walter Tynan, of San Antonio, for appellee.

PELPHREY, C. J.

Appellant on the 3rd day of December, 1928, obtained a money judgment against her divorced husband, appellee, and on June 7, 1929, had an execution levied upon a Dodge automobile owned by him.

The parties during their marriage had one child, Florence Eddy Burmeister, eight years of age at the time of the judgment, and, upon the granting of the divorce, custody of said child was given to appellee on Saturday of each week, and to appellant at all other times.

On June 11th, appellee filed his petition for a temporary restraining order in the Seventy-Third district court of Bexar county, alleging the automobile to be exempt from execution by reason of the fact that he was the head of a family, and that the automobile was the only vehicle or conveyance owned by him.

The temporary restraining order was issued restraining appellant and the sheriff of Bexar county from selling or in any manner disposing of the automobile. Appellant and the sheriff were cited to appear on June 15, 1929, to show cause why said injunction should not be made permanent.

On June 19, 1929, the cause was heard by the court, it being agreed by the parties in open court that the hearing should be a final hearing upon the merits.

Whereupon the court permanently enjoined appellant and the sheriff from selling under execution, or in any manner disposing of, the automobile in question, and from that judgment Florence Crow only has appealed.

At the request of appellant the trial court filed the following findings of fact and conclusions of law:

"Findings of Fact."

"1. On the 3rd day of December, A. D. 1928, defendant obtained a money judgment against plaintiff in County Court of Law Number One, Bexar County, Texas, for the sum of Two Hundred Ninety-Three and 50/100 ($293.50) Dollars.

"2. On the 7th day of June, A. D. 1929, defendant had execution levied against plaintiff's automobile, a Dodge Sedan, 1928 model, of a value of Seven Hundred and Fifty ($750.00) Dollars.

"3. Plaintiff has only one automobile, and did not own horse, carriage or other vehicle of any kind.

"4. Plaintiff was formerly the husband of defendant, is now divorced and there is a minor daughter of both parties.

"5. Custody of minor was determined under original divorce decree, amended twice, last amendment giving father custody on Saturday of each week, mother to have custody at all other times.

"6. Plaintiff has been exercising his rights of custody over ninety per cent. of the time, and has been taking her out in said automobile, buying her clothes and giving money for her support."

"Conclusions of Law."

"1. Divorced father, having partial custody of minor child, and responsible legally and morally for her support and maintenance, is head of a family within purview of constitution and laws of this state and, as such, entitled to exemption from execution of one automobile."

Appellant attacks the above conclusion on the ground that the facts are insufficient to support such conclusion, contending that the court erred in placing such construction on the word "family" as used in the statutes as to hold that appellee under such facts is the head

of a family, to which the property would be exempt.

Under the earlier decisions there was considerable uncertainty and some confusion as to just what the framers of the Constitution had in view in the provisions of that instrument as to the exemptions to families.

The Supreme Court, in the case of Roco v. Green, 50 Tex. 483, lays down the following general rules to determine when the relation of a family, as contemplated by the law, exists:

"1. It is one of social status, not of mere contract.

"2. Legal or moral obligation on the head to support the other members.

"3. Corresponding state of dependence on the part of other members for their support."

We have found very few cases in which the exact question here presented has been passed upon, that is, the question of the exemption of personal property to the family, but the question has been before the courts on numerous occasions in relation to the statute exempting the homestead.

In Hall v. Fields, 81 Tex. 553, 17 S. W. 82, 84, the court uses this language: "A divorced husband living upon land occupied and used by him as a homestead at the time of the divorce, and set apart to him in the division of the property between himself and his wife when the marriage was dissolved, may claim its exemption from forced sale as the head of a family, although the children do not reside with him, and no matter whose fault occasioned the divorce. Zapp v. Strohmeyer, 75 Tex. 638, 13 S. W. 9. * * * From the relationship of minor children to their father we can have no doubt, under our present constitution and laws, that it is not necessary that the children should reside with the father at the time of his death to entitle them to a right in his homestead."

In the case of Zapp v. Strohmeyer, cited in Hall v. Fields, we find this statement: "Whether a divorced husband is the head of a family does not depend on the actual and constant presence of his children at his house. When, as in this case, the children reside temporarily with their mother, the father does not renounce his character as head of the family by an acquiescence in such disposition of its members. The natural and legal tie existing between the father and his children continued unimpaired."

In Shook v. Shook (Tex. Civ. App.) 145 S. W. 682, 685, writ refused, we find the following: "After the rendition of the judgment for divorce, J. O. Shook's status was that of an unmarried man, the relation with his wife having been severed, and she then constituted no part of his family. The divorce, however, did not sever the relations between him and his children. It is true their care and custody was awarded to the wife, Carrie Shook; but this decree did not discharge him from his legal and moral obligation to care for and support them should the wife fail to do so. These obligations resting upon him, his status as the head of a family continued after the divorce, though he had formed no new connections to constitute him the head of a family."

In Hammond v. Pickett, 158 S. W. 174, the Galveston Court of Civil Appeals, speaking through Justice McMeans, held that a man who had secured a divorce in Louisiana, though only from bed and board, in which case his wife had been given the custody of the children, was not the head of a family in Texas within the exemption laws, reserving to each family an automobile free from execution, even though he constributed to the support of such children; it appearing that they had never been residents of Texas.

The same court, speaking through Justice Graves in the later case of Morrison v. Murff, 212 S. W. 212, held that an automobile was exempt to a divorced father, and in support of that holding cited the case of Shook v. Shook, supra.

While the court in the Morrison Case attempts to distinguish that case from the Hammond Case, it clearly appears from the expressions used and the citation of authorities that the court had changed its mind as to the question common to both cases and, in our opinion, seems to overrule the first holding.

In the late case of Woods v. Alvarado State Bank, 19 S.W.(2d) 35, our Supreme Court had this to say in a question of the homestead rights of a divorced father: "At the time of the divorce decree the plaintiff in error Woods had two minor children, who, though awarded to their mother, continued to live with him, and for the support of whom, whether living with him or not, he was at all times liable. Plainly he continued to be the head of a family, and as such entitled to all the homestead privileges and rights granted by the Constitution and laws of the state."

In accordance with the holdings above, we have concluded that appellee here, being legally and morally liable for the support of his child; having been given her custody for one day each week; and having actually contributed to her support and maintenance, was the head of a family, and as such, entitled to have the automobile exempted to him under the laws of our state.

If the rules laid down in the case of Roco v. Green, supra, are to be given effect in determining whether a family exists in this case, then we find appellant in the county court asserting the liability of appellee by reason of the child being a member of his family, and then in this suit contending that there is no family and that the automobile in question should be subjected to the payment of a judgment obtained upon an obligation arising out of the family relation.

The conclusion of law of the trial court is amply supported by the evidence, and the assignments attacking it are overruled.

The only other assignment complains of the court's action in refusing to permit appellant to introduce in evidence the finding of fact and conclusions of law of the county court. Her contention being that such findings and conclusions would establish that appellee had in that court denied his legal and moral obligation to support his child, and would amount to an admission against interest.

We think the evidence was properly excluded, being immaterial as to the existence or nonexistence of a family, which our Supreme Court has said is a social status.

Finding no error, the judgment of the trial court is affirmed.