228

## JENKINS et al. v. ABILENE BUILDING & LOAN ASS'N.

### No. 1595.

Court of Civil Appeals of Texas. Eastland.

Nov. 6, 1936.

Lee R. York, of Abilene, for appellants.

Davidson & McMahon, of Abilene, for appellee.

FUNDERBURK, Justice.

Abilene Building & Loan Association brought this suit against Miles W. Jenkins and others, in trespass to try title, to recover two lots of land in Abilene, Tex. Plaintiff pleaded specially its title through two independent trustee's sales under two deeds of trust from alleged common sources of title. The defendants pleaded a general denial, and, among other things, payment on or before December 1, 1931, and prior to foreclosure, of the debts secured by the liens. The sales under the deeds of trust took place May 9, 1934, and January 2, 1935. The case was tried with a jury, but after the evidence was in, the trial judge peremptorily instructed a verdict for the plaintiff. From the judgment rendered and entered in accordance therewith, the defendants have appealed.

The appellant Miles W. Jenkins will be referred to either as defendant, or by name, and appellee will be referred to as the loan association.

In this appeal the only attack upon the proceedings culminating in the judgment of the court below involves the question of whether there was evidence sufficient to raise the issue of payment. That is to say, whether all the indebtedness secured by both deeds of trust liens had been paid prior to the purported foreclosure thereof and the consequent sale of the property to the plaintiff.

The defendants had the burden of establishing their plea of payment by a preponderance of the evidence. If any part of the indebtedness secured by either deed of trust was in default and had never been paid, title passed to the purchaser, even though a substantial part of the amount for which the sale purported to have been made had been paid. Easley v. Gill (Tex.Civ.App.) 77 S.W.(2d) 268, and the authorities therein cited. It is, therefore, not sufficient for appellants, in challenging the action of the trial judge in giving the peremptory instruction, merely to show that an issue of fact was raised as to the payment of any part of the indebtedness less than all.

It is first insisted that there was an issue of fact as to whether the amount of the indebtedness due by defendant had, prior to December 1, 1931, been discharged to the extent of $444.63, by an agreed credit of the balance of an $812.18 check, representing the proceeds of an insurance loss on the property after the deduction therefrom of certain costs of repairs amounting to the sum of $367.55. It was admitted by Jenkins that the $812.18 check had been deposited by him to his credit in the Citizens National Bank in Abilene. He was authorized to check against said deposit. It was shown that said balance of $444.63 could not have been paid to,

and credited by, the loan association except upon a check given by Jenkins upon said bank. While Jenkins testified that he did not get the return checks for the month of October, 1928, in which he claimed said transaction took place, yet he admitted that there were a number of October, 1928, checks in evidence. He never did testify positively that he gave the loan association any check for such balance. The burden of proof being upon him to establish payment we very much incline to the view that his testimony considered in connection with his admissions was not really sufficient to raise an issue regarding that item.

Said defendant further contended that he had transferred to the loan association, at some time not stated, checks due him from third persons, aggregating about $360.62, which the loan association had agreed to credit upon his indebtedness. A letter written by defendant and dated January 31, 1933, was introduced in evidence referring to the fact that these notes were transferred to the loan association as collateral security and for collection. There was no evidence that anything was ever collected on the notes. It may be that the evidence was sufficient to raise an issue of fact as to whether it was agreed that the sum of said notes should be credited on the indebtedness. If so, however, that does not establish that the action of the trial court complained of was erroneous. Particularly is this true if we are correct in the view that no issue of fact was raised by the evidence regarding the $444.63 credit.

But even if it should be conceded that the evidence raised issues of fact regarding the $444.63 credit and the $360.62 credit, we are still of the opinion that no issue of fact was required to be submitted to the jury. The loan association introduced in evidence two statements supported by its books of accounts with Jenkins. By the first statement, relating to the $2,000 note, it was shown that on May 1, 1934, a few days before the foreclosure, the balance due was $1,880.34. By the second statement, relating to the $500 note, it was shown that the amount due thereon January 2, 1935, the date of the foreclosure, was $517. In addition to principal and interest on the notes, said statement showed additional items charged against the defendant, of taxes, insurance, interest on past-due interest, interest on taxes and insurance, penalties, checks returned, and water bills paid. The sum of these items, exclusive of principal and interest upon the notes, exceeded in amount the combined credits claimed of $444.63 and $360.62. The defendants' statement, designed to show that the issue of payment was raised, charged themselves with the principals of the two notes of $2,000 and $500 and the interest due on them respectively of $1,487.22 and $81.22 to December 1, 1931, making a total of $4,068.44. Defendant claimed credit against said sum for all amounts paid for all purposes. He claimed credit for the following amounts: $204.77, $403.92, $438.94, $344.91, $477.82, $233.62, $607.77, $596.99, $444.63, $329.17, $100, total $4,182.34. These claimed credits, except the last item of $100, are in accordance with the statement of the defendant introduced in evidence. Such statement, however, was not in itself evidence any more so than their pleadings were evidence. If we look, as we must, to the evidence tending to support these different items, it appears that the item of $607.77 was supported only to the extent of $487.77. The claimed credit of $596.99 is not supported by any evidence except to the extent of $426.99. The item of $329.17, being a claim for credit by the application of dividends on the building and loan stock, is supported only to the extent of $300.54, up to December 1, 1931, the time it is claimed that all indebtedness had been paid. All other dividends acknowledged by the loan association were paid subsequent to December 1, 1931. We find no support in the evidence for the item of $100. The result is that the claim for $4,182.34 should in any event have been $3,958.91.

It is not necessary to give any probative effect to the two statements introduced in evidence by the loan association independently of the other evidence supporting same. The defendant could not insist that all the payments he had made be applied to principal and interest if in fact a part thereof was under proper authority applied to the other items mentioned. The evidences of payment by notations on the checks and deposit slips showed that payments were made upon other items than principal and interest of the notes. The burden upon the defendant affirmatively to prove payment included the burden of showing that the payments made were sufficient to discharge all sums which the deed of trust liens secured. The deeds of trust au-

thorize the loan association to pay insurance and taxes, and to add the amount thereof to the loan. The notes themselves specified no particular time of payment or privilege of paying in installments. The notes were payable at such a time as certain stock in the loan association should have a value sufficient to pay same. The value of the stock was necessarily affected by contract provisions for the payment of installments, penalties upon default, interest on interest due and unpaid, etc. There was a total absence of evidence to show that the entire debts secured by each of the deeds of trust liens had ever been completely discharged, even if it should be conceded that the defendant was entitled to the credits of $444.63 and $360.62.

It is therefore our conclusion that the trial court did not err in the action complained of, that the judgment should be affirmed, and it is accordingly so ordered.