**SENEGAR et al. v. LA VAUGHAN et al.**

No. 4677.

Court of Civil Appeals of Texas.
Beaumont.

May 11, 1950.

Rehearing Denied May 31, 1950.

O'Fiel & O'Fiel, Beaumont, for appellant.

Baker, Vaughan & Black, Port Arthur, for appellee.

R. L. MURRAY, Justice.

Ellan Senegar and her children brought suit against Dora LaVaughan and her children for title to and possession of Lot 5, Block 33 of Port Arthur Heights Addition to the City of Port Arthur, Jefferson County. The trial was to a jury on special issues and on the jury's verdict the court entered judgment for the defendants, who are the appellees here. Plaintiffs below, Ellan Senegar and her children, filed a motion for judgment non obstante veredicto which was overruled by the court. The motion for new trial was also overruled and they have perfected their appeal to this court.

The property sued for consisted of a lot in Port Arthur, the improvements on which

were several small houses. Ellan Senegar and Alex Senegar were married January 29, 1891, at Church Point, Louisiana. They lived together for several years in Louisiana and Ellan's children were born there. Alex Senegar was sent to a penitentiary, at what date is not clear from the record, and when he was released from the penitentiary in 1899 he and Ellan appear to have parted company. He and Dora LaVaughan were living together in Port Arthur in 1924 when the real property in question was deeded to Alex Senegar. Alex and Dora built some houses on the property, lived in one of them and rented the others, and raised a family of children. This arrangement continued until the death of Alex in 1948. Alex Senegar conveyed the property by warranty deed to Dora LaVaughan on July 19, 1946. During all of this time until the year of 1939 Dora's husband, Lucius LaVaughan, was still living and no divorce was sought by either of them. Lucius LaVaughan died in 1939. In 1947 Alex filed suit for divorce from Ellan Senegar. No judgment was ever rendered in that case and he died while the case was still pending. There is satisfactory evidence in the record that Ellan and Alex did not intend to live together after he left Louisiana and came to Texas and began his meretricious arrangement with Dora. There is no evidence that Alex purchased or improved the property with intention or desire that it should become the home of himself and Ellan. Ellan and her children never lived on the property, but lived in another house in the same city, a few blocks away. Alex rendered the property for taxation and paid taxes on it even after he had conveyed it to Dora. He signed, by mark, the claim for homestead partial exemption from taxation when he made his renditions for State and County taxes.

The jury in its verdict found in reply to special issues submitted (1) that Alex did not occupy and claim the premises prior to July 19, 1946, with the intention to establish it as a homestead; (2) that the conveyance by Alex dated July 19, 1946, to Dora LaVaughan was not made by him in anticipation of filing a suit for divorce against Ellan; (3) that the conveyance by Alex to Dora LaVaughan was not done fraudulently to deprive Ellan of any interest in the property; (4) that a portion of the lot in question was used by Alex and Dora as their home on July 19, 1946; (5) that the remainder of the lot was used as rent property on that date; (6) that Ellan separated from Alex in 1899 and did not live with him again as husband and wife; (7) that prior to the conveyance of the lot by Alex to Dora on July 19, 1946, Ellan had separated from Alex with the intention not to live with him again as husband and wife.

By their Points Nos. 1 to 5, inclusive, the appellants attack the jury's answer to Special Issue No. 1 and say that there is no evidence to support the jury's answer, that such answer is against the overwhelming weight of the credible evidence, that the cause should be reversed because the judgment is against the weight of the credible evidence and because there is no evidence to support the judgment and that such answer of the jury had no support in the evidence. The appellants by their brief appear to overlook the basic fact in this whole transaction, which is that Alex bought, built and developed his establishment on the property in question, not as a home for Ellan and her children but as a place in which he and Dora would live and raise their children. Since he and Dora were living in violation of all laws which establish and protect a home and family life, it cannot be expected that the law places around such a place of residence the protection which it places about the homestead of a family recognized by law. The family relationship required for the homestead exemptions and privileges is constituted by social status and not by contract. The claim of homestead is not maintainable by a man and woman living together in an unmarried state in violation of the law. Lane v. Phillips, 69 Tex. 240, 6 S.W. 610, 5 Am.St.Rep. 41; Rutherford v. Mothershed, 42 Tex.Civ.App. 360, 92 S.W. 1021; Middleton v. Johnston, Tex. Civ.App., 110 S.W. 789. The facts in this case do not bring it within the rule of Schulz v. L. E. Whitman & Co., 119 Tex.

211, 27 S.W.2d 1093, in which the Supreme Court held that under certain circumstances the homestead status may exist when the husband resides on the property even though the wife absents herself therefrom, such as when he recognizes and discharges his legal and moral obligations to support her. Under the evidence in this case, we think it is clear that the finding in answer to Issue number one of the jury is fully supported. In fact, we believe such evidence as to the circumstances of this separation from one family and living with another is such that a jury's finding to the contrary would not find support in the evidence. The declarations by Alex that the property was his homestead, made for the purpose of claiming some exemption from taxation, are of no consequence in the determination of the actual status of the property.

By their 10th point the appellants contend that the trial court erred in submitting Issue No. 7, which issue inquired whether Alex and Ellan had been separated with the intention not to live together again as husband and wife prior to the conveyance of the property by Alex to Dora. Appellants say in this point that the evidence was undisputed that prior to such conveyance Alex had notoriously lived in adultery with Dora, and therefore no abandonment had ever been effected between Alex and Ellan, which would authorize him to make a conveyance of his homestead without the joinder of his wife. We do not think this proposition of law applies to the facts in this case, because in the first place the property in question was never impressed with the status of a homestead of Alex and Ellan. This is true because of matters which are discussed above under the foregoing points.

The appellants' Points Nos. 6, 7, 8 and 9 complain of the action of the trial court in submitting Special Issues Nos. 4 and 5 for the reason that such issues were not supported by the pleadings nor raised by the evidence. Special Issue No. 4 inquired whether a portion of the lot in question was used by Alex and Dora as their home and the remainder of the lot was used by them as rent property. We do not believe that the submission of such issues or the answers of the jury thereto affected the judgment of the court in any particular. However, the court allowed the filing of the trial amendment by the appellees, alleging that a portion of the property was used by Dora and Alex as a home and the remainder of the lot was rented. The filing of a trial amendment is addressed largely to the discretion of the trial court and we see no abuse of such discretion in permitting the filing of such amendment. These points present no error and are overruled.

The property conveyed to Dora LaVaughan by Alex Senegar was not the homestead of Alex and Ellan and Alex was therefore authorized to convey to Dora LaVaughan without the joinder of Ellan in the deed. We think the judgment of the trial court was correct and it is accordingly affirmed.

COE, C. J., not participating.