Jackie Greer BYARS and wife,
Helen C. Byars, Appellants,

v.

Delia SHIPMAN, Appellee.

No. 14231.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 29, 1964.

Rehearing Denied Feb. 26, 1964.

Louis E. Marshall, San Antonio, for appellants.

W. W. Palmer, Jewell D. Lemons, San Antonio, for appellee.

MURRAY, Chief Justice.

This is an action in the form of trespass to try title brought by Delia Shipman, a single woman, against Jackie Greer Byars, his wife, Helen C. Byars, and many others, seeking to recover title and possession of 17.59 acres of land out of the John H. Lucas Survey No. 54, situated about eleven miles east of the Bexar County Courthouse in Bexar County, Texas, and fully described in the pleading. The trial began to a jury, but at the close of the evidence the trial court instructed a verdict in favor of Delia Shipman, and Jackie Greer Byars and wife, Helen C. Byars, have prosecuted this appeal.

On December 27, 1956, Louis L. Schneider and wife, by warranty deed, conveyed the 17.59 acres of land involved herein to appellee, Delia Shipman. Thereafter, on May 8, 1957, appellee by warranty deed conveyed the 17.59 acres to Milton N. Sherman and wife, Josephine M. Sherman, and the Shermans on that same date executed and delivered to appellee their real estate note in the principal sum of $13,750.00, payable in San Antonio, Texas, in monthly installments of $110.00 each. The note was secured by a vendor's lien and a deed of trust lien upon the above described 17.59 acres of land.

Thereafter, the Shermans conveyed the 17.59 acres to M. W. Massey and wife, and the Masseys assumed the payment of the $13,750.00 note. Thereafter, the Masseys conveyed the 17.59 acres to Richard H. Perez and wife, and the Perezes assumed the payment of the note. Thereafter, the Perezes conveyed the 17.59 acres to appellants, Jackie Greer Byars and Helen C. Byars, and they assumed the payment of the note. Thereafter, the appellants made default in payment, and Ottis A. West, Trustee under the Deed of Trust, sold the 17.59 acres at a public trustee's sale to appellee.

Appellants contend that even if the trustee's sale was valid, nevertheless, the judgment should be reversed and judgment here rendered for appellants, because appellee failed to show that she was in possession of, or had a present legal right to immediate possession of the 17.59 acres. We do not agree. It was agreed by the parties that Louis L. Schneider was the common source of title. Appellee acquired title to the 17.59 acres from that source. Appellants contend that appellee had contracted to sell the land to the nominee of Richard Koehler; that Texas Bond and Mortgage Company was the nominee of Koehler; that appellee had placed the Texas Bond and Mortgage Company, Noble L. Roberts, President, and Carl Anderson Bland and wife in possession of the land by virtue of this contract of sale executed by appellee, and therefore appellee was not entitled to the immediate possession of the land and could not maintain this trespass to try title suit. We overrule this contention. The trial court held this contract of sale to be void, and the parties affected by this part of the judgment have not appealed. Appellants herein are not in a position to complain about this part of the judgment. Their claim to the 17.59 acres is under the title held by appellee, and their title is in no way affected by this sales contract.

The undisputed evidence shows, as a matter of law, that appellee has superior title to the 17.59 acres, from the agreed com-

mon source, and has the right to possession thereof. 40–A Tex.Jur., § 19, p. 532. All of the parties to this suit are claiming title through appellee. Appellee had the right of possession of the 17.59 acres of land at a time antedating the possession of all of the defendants below including appellants. Under such circumstances appellee was entitled to judgment for the title and possession of the land as a matter of law.

Appellants are the subvendees of appellee and are in no position to dispute her title so long as the vendor's lien and deed of trust note remains unpaid. Amos v. Adams, Tex.Civ.App., 352 S.W.2d 540; Pullin v. Funderberg, Tex.Civ.App., 342 S.W.2d 63.

Appellants contended that appellee had agreed to reduce the monthly payments until appellants could adjust their living conditions. Such a claimed reduction of payments was oral and without consideration, and therefore void. Wehmeyer v. Domingues, Tex.Civ.App., 286 S.W.2d 194.

In this case the common source of title was agreed. The evidence shows that appellee held title directly from that common source, therefore, the burden of proof shifted to appellants under their plea of not guilty, to show a superior title under the common source, or to show that they held a superior title not connected with the common source, or to show that the true title is outstanding. Krasa v. Derrico, Tex.Civ. App., 193 S.W.2d 891.

Appellants contend that the trustee's sale, conducted under the power of sale contained in the deed of trust, was void. We do not agree. It is undisputed and uncontradicted that appellants were in arrears to some extent with their installment payments on the note, that they had failed to pay taxes in the sum of $486.25, and that the premises had been left vacant for more than thirty days. All of these delinquencies were in violation of the provisions of the deed of trust and authorized appellee to accelerate the maturity dates of the installments and to declare all of the unpaid balance of the principal, interest and attorney's fees provided for in the note to be due and payable, and to call upon the trustee to sell the land under the power of sale provided for in the deed of trust.

Appellee turned the note over to her lawyer, Golder H. Russell, Esq., who wrote a letter to appellants, who at the time were living in Washington, D. C., to the effect that unless these delinquencies were taken care of during the month of October, 1961, there would be a foreclosure under the power of sale. The delinquencies were not taken care of and the sale by the trustee followed.

Appellants make many other contentions as to why the trustee's sale was not legal, and as to why the trial court should not have instructed a verdict against them. We do not agree with any of these contentions. Appellants say that the sale should be set aside because the note was not presented to them for payment before the maturity date was accelerated. The note was payable in San Antonio, Texas. Appellants had moved out of the state and were living in Washington, D. C. Appellants assumed the note and were therefore primarily liable on the note. They knew of the delinquencies, they had been notified by appellee's lawyer that unless the delinquencies were taken care of there would be a trustee's sale under the power of sale contained in the deed of trust. Appellants do not even contend that they were ready, able and willing to pay all delinquencies, and would have done so if the note had been presented to them in Washington, D. C. They did not even tender the amount due at the trial. Under all of the circumstances, no presentment of the note to appellants in Washington, D. C. was required.

Appellants complain that the land was sold for more than the amount due on the note, and that no accounting was made to them for this excess. This does not affect the validity of the sale. 39 Tex.Jur.2d p. 221, § 161; Jenkins v. Abilene Bldg. &

Loan Ass'n., Tex.Civ.App., 98 S.W.2d 228.

■ The fact that after the trustee's sale appellee asked appellants to execute a quit-claim deed to the property did not in any way affect the validity of the sale. Hughes Oil Co. v. Mayflower Inv. Co., Tex.Civ.App., 193 S.W.2d 971.

The appellee herein is in the position of a mortgagee in possession of the 17.59 acres, and is entitled to keep such possession, unless and until appellants tender the amount due under the note and deed of trust. 39 Tex.Jur.2d, § 164.

The remaining contentions presented by appellants are without merit and are all overruled.

The judgment is affirmed.