In re J. Taylor EVANS, Debtor.

Bankruptcy No. 582–00074.

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Oct. 29, 1982.

Louis M. Ratliff, Jr., Kirby, Ratliff, Sansom, Manning & Greak, Littlefield, Tex., for J. Taylor Evans, debtor.

Cecil G. Puryear, Lubbock, Tex., for Robert B. Wilson, Trustee.

Robert A. Doty, Crenshaw, Dupree & Milam, Lubbock, Tex., for The First Nat. Bank at Lubbock, Texas.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

This memorandum is concerned with the debtor's entitlement to exemption in personal property encumbered by a lien and with the total value of personal property which a divorced person may claim under Texas exemption laws.

Section 541 of the Bankruptcy Code provides that, upon commencement of a bankruptcy case, the property of the debtor becomes property of the bankruptcy estate. However, once the property becomes a part of the estate the debtor is allowed to exempt certain property. A debtor may claim the exemptions listed in § 522(d) of Title 11, United States Code, unless the state law that is applicable to the debtor specifically does not authorize its use. 11 U.S.C. § 522(b). Alternatively the debtor is permitted to exempt from property of the estate any property that is legally exempt under either federal law [other than that provided by § 522(d)] or applicable state or local law.

The State of Texas has taken no steps to prevent a debtor from claiming the exemptions provided by § 522(d). J. Taylor Evans, debtor, exercising his right to claim exemptions under state law, claims entitlement to a residential homestead under V.A.T.S. art. 3833 and to the *family* personal property exemptions provided by V.A.T.S. art. 3836(a). The trustee and the First National Bank at Lubbock ("Bank"), a creditor, challenge the debtor's entitlement to the personal property exemptions, contending that the debtor is a single person who is not entitled to the family exemptions, challenging the values assigned by the debtor to various items of personal property, and contending that personal property against which a lien has been properly perfected may not be exempted under Texas law. The following summary constitutes the findings of fact after nonjury trial.

The debtor is an orthodontist, a practitioner in the branch of dentistry dealing primarily with irregularities of the teeth and their correction. He has demonstrated susceptibility to that bane which sometimes infect lawyers, medical doctors and dentists—the tendency to make poor business investments. Whether from lack of business acumen, from bad luck, or otherwise, the debtor became heavily indebted to the bank on some real estate investments. On May 6, 1982, when the petition for order for relief under Chapter 7 of Title 11, United States Code, was filed by the debtor in this case he was indebted to the bank in the sum of $211,192.33. The bank's notes are allegedly secured by not only security interests in the real estate investments, but by assignment of some of the insurance policies on the debtor's life and by security agreement liens against his dental and orthodontic tools and equipment.

The debtor is divorced from his former wife and at the time the petition in bankruptcy was filed he had not remarried. His sixteen year old daughter resides with her mother, but an order directing the debtor to make child support payments during the daughter's minority was entered by the divorce court. He has complied with that order. The debtor has two other children—a twenty two year old son and a twenty year old son, each of whom resided with him at the time the bankruptcy petition was filed. The younger son is a student at Texas Tech University and still lives with his father, the debtor. The older son has since moved from the father's residence and is living in another city where he is attending dental school. Debtor is providing at least some of the support for both of the adult sons while they are students and the sons are dependent upon their father's contribution to their support.

No serious challenge has been directed at the debtor's claim of the homestead exemption in his residence which he has valued at $47,000.00. Under Texas law, as reflected by Article 3833, either a family or a single person who is not a constituent of a family is entitled to claim a homestead. However, where personal property is concerned a family is entitled to property in certain specified categories with aggregate value of $30,000.00 while a single person is limited to personal property in those specified categories with aggregate value of only $15,000.00. The first challenge advanced by the trustee and by the bank to the debtor's claimed exemptions is that the debtor is a single person who is not entitled to claim the family exemption and thus he is limited to exemption of personal property in those specified categories of the aggregate value of not more than $15,000.00.

■ First determination must be made as to what constitutes a "family" for purposes of the Texas exemption statutes. In that regard it has long been settled in Texas law that "family" may consist of something less than the traditional husband-father, wife-mother, and children who live together under the same roof. As early as 1878 the Texas Supreme Court, in *Roco v. Green,* 50 Tex. 483 (1878), indicated that a "family" exists when (1) the relation is one of social status, not of mere contract, (2) there is a legal or moral obligation on the head to support the other members, and (3) there is a corresponding state of dependence existing on the part of the other members for their support. Thus the Court of Appeals in *Crow v. Burmeister,* 26 S.W.2d 447 (Tex. Civ.App.—El Paso 1930, no writ), relying in part on the guidelines in *Roco v. Green,* found a divorced husband to be the "head of a family" who is entitled to exempt his automobile from execution to satisfy a money judgment against him by his former wife when the husband had "custody" of the minor child for one day each week, was actually contributing to her support, and had a moral and legal obligation to do so. *See* also *Hutchenrider v. Smith,* 242 S.W. 204 (Tex.Comm'n.App., 1922) (three daughters and aged father who lived with them constituted a family); *John E. Morrison and Company v. Murff,* 212 S.W. 212 (Tex. Civ.App.—Galveston 1919, no writ) (daughter lived continuously with mother and son lived with father until after son had entered naval training company and father supported both son and daughter); *Kiggins v. Henne & Meyer Company,* 199 S.W. 494 (Tex.Civ.App.—Austin 1917, no writ) (unmarried brothers whose unmarried sisters and widowed father lived with them were morally bound to support their sisters and father and thus family existed); *H.P. Drought and Company v. Stallworth,* 45 Tex.Civ.App. 159, 100 S.W. 188 (1907 err. ref'd.) (brother and dependent sister constitutes family); *Rutherford v. Mothershed,* 42 Tex.Civ.App. 360, 92 S.W. 1021 (1906, err. ref'd.) (single man and illegitimate daughter constituted family); and *Barry v. Hale,* 2 Tex.Civ.App. 668, 21 S.W. 783 (1893, no writ) (unmarried son, his sister, and his widowed mother constituted family).

■ When consideration is given to the fact that the debtor is under the legal as well as the moral duty to support his minor daughter who lives with her mother and he has a moral obligation, if not a legal obliga-

tion, to support his sons who are now attending universities, he does so contribute to their support, and those children are at least in part dependent upon that support I conclude that the debtor is the "head of a family" for Texas exemption purposes and that he is entitled to claim the family personal property exemptions provided by V.A. T.S. art. 3836(a).

The next determination which must be made is concerned with the personal property which may properly be exempted under art. 3836(a) and the actual value of each of those items of personal property.

There is little or no controversy concerning the nature and value of some of that personal property. For instance, notwithstanding that he is a professional man the debtor claims to own only one suit of clothes. His claim that the fair market value of all of his wearing apparel, exclusive of jewelry, is $500.00 is unchallenged. Also the value of $950.00 assigned by him as the fair market value of his Rolex watch and the sum of $435.00 which he has assigned as the fair market value of the neckpiece which he wears as jewelry is unchallenged. No one has opposed his claim that his .22 rifle is valued at $50.00. Although there was some dispute as to the fair market value of his 1976 Mercedes automobile I find that its fair market value is $14,000.00. Also I find that the fair market value of his mother's wedding ring is $8,000.00, but I further find that the debtor has no present ownership interest in that ring. Finally I find that the debtor's children are the beneficiaries on Massachusetts Mutual Life Insurance Company policies numbered 5–290–614, 6–220–517, with aggregate net cash value of $261.57, and that the elements exist for the exemption of the cash surrender value of those life insurance policies under art. 3836(a)(6).

I find, however, that the debtor's estate is the beneficiary under Massachusetts Mutual Life Insurance Company policy 6–576–108. The net cash value, if any, under that policy is not exempt under art. 3836(a)(6), because a member of the family of the insured person is not the beneficiary

thereof. The debtor's claim of exemption in the cash value of that policy is denied.

The exemption of the remaining items of personal property claimed by the debtor to be exempt under art. 3836(a) is far more troublesome, because each of the remaining items of personal property is encumbered, at least in part, with liens. The bank has an assignment of Massachusetts Mutual Life Insurance Company policy 5–131–609, with net cash value of $680.87, policy number 4–143–959 with net cash value of $2,681.58, and policy number 4–562–187 with net cash value of $464.11. Since the bank has an assignment of those policies there is some authority which supports a conclusion that the bank has "possession" of the cash value of those policies. However, the bank also has a money security agreement lien against the debtor's dental and orthodontics tools and equipment. He had valued those tools and equipment at $60,-471.48 on financial statements to the bank, but I find that those tools and equipment had fair market value of $30,000.00 at the time the bankruptcy petition was filed. His household furniture and furnishings is compressed cardboard of the "self-assembly" type and its value is $2,500.00. The furniture is subject to a security agreement lien in favor of General Equipment Credit Company securing balance of $1,000.00. The value of the furniture, against which GECC claims a lien, is greater than the amount of the GECC debt. The combined value of the dental and orthodontics tools and equipment and the cash value of the insurance policies on the debtor's life is far less than the balance of $211,192.33, plus interest and attorney's fees, owed by the debtor to the bank.

There can be little valid contention that, if it were not for the lien to General Equipment Credit Company, all of the household furniture and furnishings would be exempt to the debtor under V.A.T.S. art. 3836(a)(1), which exempts furnishings of a home, including family heirlooms, and provisions for consumption. Also, provided that a member or members of the family of the debtor was named as beneficiary on the life insur-

ance policies in force for more than two years, there can be little contention that, absent the bank's assignment, the cash surrender value of those life insurance policies would not be exempt under art. 3836(a)(6). Although there are diverging lines of cases concerning the nature of tools of trade or profession which may be exempted under Texas law, I find that the dental and orthodontics tools and equipment are reasonably necessary to debtor's profession as a dentist and orthodontist and, if the lien to the bank is disregarded, those tools and equipment would properly be exempted under art. 3836(a)(2) as being tools, equipment, apparatus, and books reasonably necessary and used in any trade or profession. However, as noted above, the household furniture is partially encumbered with a lien and the insurance policies and the dentist and orthodontics tools and equipment are encumbered for more than their value. I have analyzed the provisions of art. 3836(a) and have concluded that the household furniture and furnishings are only partially exempt and that the dental and orthodontics tools and equipment and the cash value of the assigned life insurance policies are not exempt.

V.A.T.S. art. 3836(a) provides:

"Personal property (not to exceed an aggregate fair market value of $15,000.00 for each single, adult person, not a constituent of a family, or $30,000.00 for a family) is exempt from attachment, execution and every type of seizure for the satisfaction of liabilities, *except for encumbrances properly fixed thereon....*"

■ From a plain reading that statute appears to mean that personal property which falls into one of the seven categories listed under art. 3836(a) is exempt as to all persons *except* for any person whose debt is secured by a validly perfected mortgage, lien, or other encumbrance. That statutory exception of encumbered personal property from exemptions prompted little notice before the Bankruptcy Code became effective on October 1, 1979. Until that date the

creditor's security interest in exempt property was recognized and given effect by the parties in interest.

■ Provisions of the Bankruptcy Code now require that a more perceptive analysis of the claimed exemption be made where that "exemption" is encumbered. Section 522(f) of the Code permits a debtor to avoid nonpossessory, nonpurchase money security interests in certain types of exempt property (including household furnishings and tools of trade), *notwithstanding any waiver of exemptions*. Section 522(f) is not a separate exemption statute, but provides a limited mechanism for avoiding liens which impair an exemption that the debtor would have been entitled to receive under § 522(b). Thus, whether § 522(f) may be invoked by a debtor is dependent upon whether a debtor may be legally entitled to an exemption in and to that item of personal property under § 522(b) and whether that the item of personal property encumbered by a lien which the debtor seeks to avoid falls within the described categories of § 522(f)(2).

An analysis as to whether an exemption is permitted in encumbered personal property has been made by the United States Court of Appeals for the Fifth Circuit in *Matter of McManus,* 5th Cir.1982, 681 F.2d 353. In that case a Louisiana debtor, required[1] to claim exemptions under Louisiana law, filed a complaint under § 522(f) seeking to avoid a nonpurchase money, nonpossessory lien against household furniture and furnishings. The exemptions available under Louisiana law are found in LAS–R.S. 13:3881. Subsection 3881(A)(4) lists household goods and furnishings as property which a debtor may exempt from the estate. However LAS–R.S. 13:3885 provides:

"Notwithstanding the provisions of R.S. 13:3881(2) and (4) to the contrary, a person who has granted a chattel mortgage on his property described in R.S. 13:3881(2) or (4) may not thereafter claim an exemption from the seizure of such mortgaged property *for the enforcement of that mortgage.*"

1. The Louisiana legislature has "opted out" as permitted by § 522(b) so that its debtors are

not permitted to claim the federal exemptions under § 522(d).

The debtor in *McManus* argued that the granting of a chattel mortgage against his household furniture and furnishings was nothing more than a waiver of an exemption and that Louisiana law specifically recognized that a debtor, in mortgaging his property, may waive statutory exemptions. He emphasized the beginning phrase in § 522(f) which states: "Notwithstanding any waiver of exemptions, the debtor may avoid...." Also, he contended that exemptions, whether state or federal in origin, are so necessary to the rehabilitation of the debtor that it was the intent of Congress to grant to him the right to avoid nonpurchase money, nonpossessory liens against certain categories of exempt property, even when he had theretofore improvidently waived such exemptions. The Fifth Circuit, in a two to one opinion, rejected those contentions. The majority opinion noted that § 522(b) expressly grants the state broad discretion to determine what property may be exempt from the bankruptcy estate, as long as the state law does not conflict with property exempt under federal law other than that listed in § 522(d):

> "The unambiguous language of § 522(b) implicitly indicates a state may exempt the same property included in the federal laundry list, more property than that included in the federal laundry list, or less property than that included in the federal laundry list. The states also may prescribe their own requirements for exemptions, which may either circumscribe or enlarge the list of exempt property."

The majority opinion concluded that encumbered household goods and furnishings may not be exempted under Louisiana law, stating:

> "The language of § 13:3885 indicates that household goods and furnishings may take two forms in Louisiana. Such property, of course, may be unencumbered. In such a case, a Louisiana debtor is entitled to exempt his household goods and furnishings from the bankruptcy estate pursuant to § 13:3881(A)(4). Household goods and furnishings also may be subject to a chattel mortgage. If this is the case, a Louisiana debtor is not entitled to claim an exemption, notwithstanding the provisions of § 13:3881(A)(4) to the contrary. The inability to claim an exemption occurs regardless of whether a debtor could have claimed an exemption had there been no mortgage. While Louisiana allows a general exemption for household goods and furnishings, if a person changes the character of those goods or furnishings by making them the subject of a chattel mortgage, he can claim no exemption, because Louisiana expressly defines goods of such a character out of the list of exempt property."

■ The thrust of the Texas exemption statute, art. 3836(a), is similar to that of the Louisiana statute. The Louisiana statutes when § 13:3885 is construed with 13:3881(A)(4), essentially provide that while household goods and furnishings are exempt, a person who has granted a chattel mortgage against the household furnishings may not thereafter claim an exemption from the seizure of such mortgage property for the enforcement of that mortgage. The Texas statute, art. 3836(a), provides that personal property ... is exempt ... except for encumbrances validly fixed thereon. The majority[2] in *McManus* concluded that the Louisiana statute means that encumbered household goods and furnishings may not be exempt. That opinion mandates that the same conclusion be reached with regard to the Texas statute.

■ I conclude, therefore, that, to the extent of the excess of $1,500.00, debtor's household furniture is exempt. However, notwithstanding the fact that his dental and orthodontics tools and equipment, and the cash value of insurance policies on his life which has been assigned by the debtor to the bank, might otherwise be exempt if

---

2. *McManus* was actually a consolidation of two adversary proceedings, one styled *McManus v. AVCO Financial Services of Louisiana, Inc.* and one styled *Gipson v. Blazer Financial Services, Inc.* Motion for rehearing was denied by the Fifth Circuit on one of those actions and no motion for rehearing was filed in the other.

they had not been encumbered, the fact that they are encumbered for more than their value prohibits the claimed exemption in those tools and equipment and insurance policies.

It is, therefore, ORDERED by the Court that the following described real property and the following described personal property with aggregate value of less than $30,000.00 be, and it is hereby, declared exempt on the debtor's application:

1. Residential homestead valued at $47,000.00, described as Lot 9, Block 21, Ellwood Place, an addition to the City of Lubbock, Lubbock County, Texas;

2. Household furniture and furnishings to the extent of $1,500.00;

3. Clothing valued at $500.00;

4. Jewelry, consisting of Rolex watch and neckpiece valued at the aggregate sum of $1,385.00;

5. 1976 Mercedes automobile valued at $14,000.00;

6. .22 rifle valued at $50.00; and

7. Cash value of Massachusetts Mutual Life Insurance Company policies numbered 5–290–614 and 6–220–517, wherein children are named as beneficiaries, with net aggregate cash value of $261.57.

It is further ordered that the remaining claimed exemptions, including furniture to the extent of $1,000.00, cash value of Massachusetts Life Insurance Company policies numbered 6–576–108, 5–131–609, 4–143–959, and 4–562–187, and dentist and orthodontics tools and equipment be, and each of them is hereby, DENIED.

All relief not herein granted is denied.

The Clerk is directed to file this order and to furnish a copy of the order to the attorneys of record.