**In re Brent S. ROPER, Debtor.**

**Bankruptcy No. 584–50051.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Nov. 1, 1984.

Mackey Hancock, Lubbock, Tex., for debtor.

Richard Hubbert, Lubbock, Tex., for trustee.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

The trustee challenged the claim of the debtor, Brent S. Roper, that he is entitled to exempt $55,365.87 held in his Teacher Retirement Account from the § 541 property of the estate. The trustee contends successively that the fund properly cannot be exempted under Texas law, that only the portion of the fund which was contributed by the State of Texas can be

exempted, and that in any event the amount which can be exempted, when combined with other personal property exemptions claimed by the debtor, cannot exceed the $30,000.00 [1] limitation provided by Texas Property Code § 42.001 *et seq.* (formerly V.A.C.S. article 3836). The following summary constitutes findings of fact and conclusions of law after nonjury trial.

The debtor filed petition for order for relief under Chapter 7 of Title 11 United States Code on March 19, 1984. He claimed the nonbankruptcy exemptions provided by state law, itemizing property valued at $8,195.00 under former V.A.C.S. art. 3836. In addition he claimed as exempt property all proceeds in his Teacher Retirement Account held by Lincoln National Life Insurance Company, Fort Wayne, Indiana, totalling $55,365.87, accumulated under the provisions of the Texas Optional Retirement Program, Vernon's Ann.Civ.St. Title 110B, Chapter 36 (1983).[2]

At all times relevant to this Memorandum debtor was a member of the faculty at Texas Tech University. As a faculty member he was required by state law to contribute funds to a retirement account. He could elect to participate in either the Teacher Retirement System or the Texas Optional Program, but participation in one or the other was mandatory. Debtor elected the alternate Optional Retirement Program and has remained an active participating member in that program since September 1971. Presently social security taxes are paid by the debtor in addition to his contribution to the retirement fund. On the date of filing of the petition in bankruptcy the debtor's account with the Optional Retirement Program totalled $55,365.87, of which the State of Texas, as employer, had contributed one-half in matching dollar-for-dollar contributions. The debtor seeks to exempt the entire fund as well as the remaining personal property

exemptions claimed under the Texas Property Code.

The issues raised by the trustee are ones which have not enjoyed frequent treatment in existing case law. A review of the basics could be helpful to an understanding of this Memorandum.

Congress, in its adoption of the Bankruptcy Code, provides an individual debtor with the option to elect between exemption systems. Under § 522(b)(1) an individual debtor may exempt from property of the estate the "laundry list" of exemptions specifically provided by § 522(d) of the Code (unless state law that is applicable to the debtor specifically does not so authorize that election). In the alternative the debtor may choose the exemptions to which he is entitled under nonbankruptcy federal law and the law of the state of his domicile. *See* § 522(b)(2)(A) and (B). If the debtor chooses the nonbankruptcy exemptions some of the items that may be exempted under other "Federal law" include Foreign Service Retirement and Disability payments, 22 U.S.C. § 1104; Social Security payments, 42 U.S.C. § 407; Injury or Death Compensation Payments from War Risk Hazards, 42 U.S.C. § 1717; Wages of Fishermen, Seamen and Apprentices, 46 U.S.C. § 601; Civil Service Retirement Benefits, 5 U.S.C. § 8346; Longshoremen's and Harbor Workers' Compensation Act Death and Disability Benefits, 33 U.S.C. § 916; Railroad Retirement Act Annuities and Pensions, 45 U.S.C. § 228(L); Veterans Benefits, 45 U.S.C. § 352(e); Special Pensions Paid to Winners of the Congressional Medal of Honor, 38 U.S.C. § 3101; and Federal Homestead Liens on Debts Contracted Before Issuance of the Patent, 43 U.S.C. § 175.

The exemptions normally claimed by a Texas debtor, who elects nonbankruptcy exemptions under § 522(b)(2), are the homestead and certain general categories

---

1. Debtor is a single person, but he is legally and morally obligated to support his minor children by a prior marriage. Thus, for exemption purposes, he is a "constituent of a family". *See In re Evans,* 25 B.R. 105 (Bkrtcy.N.D.Tex.1982).

2. Title 110B (Public Retirement System), Acts 1981, 67th Leg., Chapter 453, effective September 1, 1981, as amended in the 1983 Regular and First Called Sessions.

of personal property of the aggregate value of $30,000.00 for a family ($15,000.00 for a single person who is not a constituent member of a family) as set out in Texas Property Code § 42.001 *et seq.* Sections 42.001 and 42.002 speak in terms of "eligible" personal property, but the list of personal property described in § 42.002 as being "eligible" for the exemption is substantially the same property described in its predecessor statute, V.A.C.S. art. 3836. In my opinion, the legislature did not intend, by the use of that term, to limit exemptions to only that property described in § 42.002 as being "eligible" property. Just as there are specific federal statutes which make provision for exemptions, the legislatures of the State of Texas on diverse occasions have provided by special statutes for exemptions in particular funds. This list is not intended to be exhaustive, but included among those special statutes are V.A.C.S. art. 4099 (current wages for personal services); Insurance Code art. 3.50–2 § 10 (Texas Employers Uniform Group Insurance Benefits Act); Insurance Code art. 3.50–3 § 9 (Texas State College and University Employees Uniform Insurance Benefits Act); and Title 110B § 21.005 (Public Retirement Systems).

■ The exemptions provided by those special statutes are supplementary to the general exemptions provided by the Texas Property Code, § 42.001(a) *et seq.* Those funds so exempted by special statutes are not subject to the $30,000.00 limitation on the general exemptions, that limitations being applicable only to that list of general personal property exemptions detailed in § 42.001 *et seq.*

Those special exemptions provided by Texas state law include funds accumulated for participants in both the Teachers Retirement System and the Optional Retirement Program, Vernon's Ann.Civ.St. Title 110 B, Chapter 36. Exemption for rights accruing under subtitle D, (Teacher Retirement System of Texas), wherein the Optional Retirement Program is described, is provided by § 31.005, as follows:

All retirement allowances, annuities, refunded contributions, optional benefits, money in the various retirement system accounts, and rights accrued or accruing under this subtitle to any person are exempt from garnishment, attachment, state and municipal taxation, sale, levy, and any other process, and are unassignable.

■ Thus two of the objections advanced by the trustee are answered adversely to his challenges. It is clear that under Texas law the specific fund which was created by the debtor under the Optional Retirement Program was intended to be exempt property. That exemption so created is supplementary and in addition to the personal property exemptions claimed by the debtor under the Texas Property Code (formerly art. 3836) and the fund is not subject to the $30,000.00 limitation.

The trustee contends, further, that only one-half of the fund ... that amount contributed by the employer ... is capable of being exempted. The trustee argues in support of his contention that at most only one-half of the fund is capable of being exempted with citation to a recent opinion of the United States Court of Appeals for the Fifth Circuit. *Matter of Johnson,* 724 F.2d 1138 (5th Cir.1984). In that case a library employee of West Texas State University had created an annuity in a fund maintained and operated by Lincoln National Life Insurance Company. That annuity was established for West Texas State University as "group master contract owner" but the annuity was funded solely by the contributions of each electing employee. The only involvement by the university was to permit the insurance company to promote its plan and to pay over monthly salary deductions. Johnson argued that because she is employed by a state university she is entitled to exempt the annuity from her bankruptcy estate under the Texas State College and University Employees Uniform Insurance Benefits Act, Tex.Ins. Code Ann. art. 3.50–3 § 9(a) (Vernon 1981). That act provides that "insurance benefits and other payments or transactions made

pursuant to the provisions of this act *to* any employee ... shall be exempt from execution, attachment or garnishment". The Fifth Circuit opinion properly noted that the exemption under that particular act was intended to. exempt only *employer provided* benefits and did not extend to an annuity created by a participant solely from her own contributions. The opinion emphasized that "our conclusion might be different if appellant had demonstrated that the university was required by the Act to contribute to her annuity as an insurance benefit."

 The instant case is easily distinguishable from *Johnson*. Under § 31.005 V.A.C.S. of Title 110B *"all* ... money in the various retirement system accounts ... is exempt...."

I conclude, therefore, that the entire funds totalling $55,365.87 in the Texas Optional Retirement Program may be exempted by the debtor, in addition to the regular personal property exemptions claimed by the debtor under the Texas Property Code.

It is, therefore, ORDERED by the Court that the objections by the trustee, Robert B. Wilson, to the exemptions claimed by the debtor, Brent S. Roper, be, and they are hereby, overruled and denied.

All relief not herein granted is denied.